Roger Q. M. MALONEY

v.

Lester A. STONE, Hampden Novelty Manufacturing Company, Inc. and Andersons & Sons, Inc.

Civ. A. No. 57–781.

United States District Court
D. Massachusetts.

Jan. 16, 1959.

DiMento & Sullivan, Francis J. Di-Mento, Boston, Mass., for plaintiff.

Hale & Dorr, Geo. H. Foley, James A. Brink, David Burstein, Charles E. Cunningham, Boston, Mass, for defendant.

WYZANSKI, District Judge.

This case presents the sole question as to when is the beginning of the period of limitation, or more precisely of laches, for the bringing of a suit for "damages" by a holder of a United States copyright against a defendant corporation which, pursuant to a contract with a third party, manufactures for that third party alleged infringing copies of plaintiff's work designed by that third party.

Plaintiff's inartistic complaint, filed August 8, 1957, seems to make a claim founded solely on the United States copyright laws codified in United States Code, Title 17. The pleading opens with an allegation that this Court has jurisdiction under U.S.C. Title 17, § 101. Plaintiff alleges that in July 11, 1950 he created an original writing "consisting of computations of newspaper page measurements in agate lines and inches"; that since July 11, 1950 all copies of this writing made by plaintiff have been "printed, bound, and published in strict conformity with the provisions under Title 17"; that after July 11, 1950 "defendants [the individual Stone and the two corporations] infringed said copyright by publishing and placing upon the market a writing which was copied largely from the plaintiff's copyrighted writing"; that "on or about December 15, 1955 the plaintiff deposited copies of said original writing in the copyright office of the United States and received from the Register of Copyrights a certificate of registration." See 17 U.S.C. § 5(a). Plaintiff prays for an injunction, for damages (including profits) and a surrender of infringing copies and all plates for making infringing copies.

The several defendants filed answers.

Then defendant Anderson & Sons, Inc. filed a motion for summary judgment on "the ground that the claim of the plaintiff arose more than two (2) years prior to the filing of the complaint and that the action is therefore barred by the

provisions of the applicable statute of limitations, Massachusetts General Laws, Chapter 260, Section 2a." Supporting this motion are two affidavits. They show that Stone, the putative infringer, manager for Hampden Novelty Manufacturing Company, Inc., in December 1954 arranged for the manufacture of "so-called line and inch calculators", the alleged infringing product of Stone's copying. From April 20, 1955 to May 19, 1955 Armstrong manufactured and delivered calculators. By June 7, 1955 Anderson terminated all manufacture of calculators, turned over to Stone and Hampden all materials and plates, and terminated the contract.

The precise issue now presented is solely with respect to the motion of defendant Anderson to be dismissed from this suit on the ground that the claim against it is barred. Since there is no suggestion that Anderson is currently infringing, or has recently infringed plaintiff's copyright, and since Anderson now has no copies or plates relevant to this case, it can hardly be suggested that as against it plaintiff would be entitled to an injunction. *And plaintiff's briefs make it abundantly clear that despite the breadth of the prayers of the complaint, he seeks to hold Anderson only for damages and profits, and does not seek injunctive relief against it.* Thus, in effect, plaintiff is suing Anderson upon a cause of action sounding in tort for which only monetary relief is sought. The monetary relief sought includes both losses alleged to have been sustained by plaintiff and profits alleged to have been made by Anderson; but though the two species of calculation proceed on a somewhat different footing each is a species of "damages".

The period of limitation or laches for the recovery of damages for infringement of a federally-created right could, of course, have been set by Congress. Momand v. Universal Film Exch., D.C. Mass., 43 F.Supp. 996, 1008, affirmed 1 Cir., 172 F.2d 37. But Congress in the copyright field has chosen not to prescribe a national standard but to accept as the period of limitation or laches the local state law [1] prescribed by the state—here Massachusetts—wherein the cause of action is brought. Ibid.; Local Trademarks Inc. v. Price, 5 Cir., 170 F. 2d 715, 717.

But the question is whether Massachusetts has prescribed a period of limitation or laches for this type of recovery.

Massachusetts has a two year period for "*actions* of tort". Mass.G. L. c. 260, § 2A. And it is true that in Harry Alter Co. v. A. E. Borden Co., D.C. Mass. 121 F.Supp. 941, 946–947, Judge Ford in the year 1954 seems to have regarded a suit for damages for infringement of copyright as an "action" at law within the then applicable Massachusetts statute of limitation. But it is now doubtful whether this assumption is correct. The 1957 opinion of the Court of Appeals in Chapell & Co., Inc. v. Palermo Cafe Co., Inc., 1 Cir., 249 F.2d 77, 81–82 points out that a claim for damages (meaning thereby a claim for profits made by defendant as well as for compensation on account of losses inflicted on plaintiff) is not an action at law but is "in its entirety a claim invoking the equity jurisdiction". Not being an action at law this suit is not governed absolutely by the Massachusetts statutory period set in c. 260, § 2A.

This raises a nice question as to whether there being no Massachusetts statute absolutely applicable, the period of laches shall be calculated by federal principles of laches or state principles of laches. It is unnecessary to resolve this intriguing dilemma in this case. For there can be no reasonable doubt that both the federal uncodified rules of equity and the Massachusetts uncodified rules of equity would on the facts of this case reach the same conclusion as to the appropriate period of laches.

Both federal and state rules would recognize that although this is a

1. But see 71 Stat. 633 with respect to actions brought after September 7, 1958, 17 U.S. C.A. § 115.

suit within the equity jurisdiction, nonetheless, the cause of action being one for damages (including profits) sounds in tort. Turton v. United States, 6 Cir., 212 F.2d 354, 355. To be timely such an equitable suit for monetary damages, if brought in the District of Massachusetts, must be brought against a defendant within two years after he has directly or by an agent or associate invaded the plaintiff's interest.

■ More than two years before this suit was brought, Anderson ceased to infringe, if it ever did infringe, ceased to invade plaintiff's interest, if it ever had invaded plaintiff's interest, and discontinued all relations as agent of, associate of, or even as contractual party with, Stone or Hampden. What Stone and Hampden did with the products of Anderson's manufacture they did on their own account and entirely on their own responsibility. This is quite unlike the situations in Universal Pictures Co. v. Harold Lloyd Corp., 9 Cir., 162 F.2d 354, 365–366 and Cain v. Universal Pictures Co., D.C.S.D.Cal., 47 F.Supp. 1013, 1017–1018. For what happened after June 7, 1955 Anderson is not responsible directly or vicariously, individually or jointly. Cf. Northern Music Corp. v. King Record Distributing Co., D.C.S.D. N.Y., 105 F.Supp. 393, 401–402.

There is no merit to plaintiff's suggestion that Anderson merely because he was printer is liable for each sale that Stone or Hampden made, and that the liability flowing from such sale arises for the first time when it is made.

Plaintiff's argument proceeds upon the false analogy of a manufacturer's liability for injury caused by his product to a customer who has bought not from the manufacturer but from the retailer. We may assume that if in 1950 A manufactured a defective article and sold it to B in that year and B sold the article to C in 1959 who is then injured, C's cause of action is not outlawed by the statute of limitations, at least in a case where the product is of such a nature that B's 9 year holding of it on his shelves was foreseeable. But in such a case the nexus between A and C would not be established before 1959. No invasion of C's interest by A could occur before then. So the statute of limitations would not begin to run until 1959.

But in the case at bar, as in virtually all infringement cases, the nexus between the owner of the copyright and the printer of infringing copies arises when the infringements are produced. The moment Anderson printed he became liable to plaintiff. It was then he invaded plaintiff's rights. After Anderson delivered the copies to Stone and Hampden, Anderson did no more directly or indirectly, as principal or agent. To hold Anderson liable for what his independent customers do would be a socially preposterous and commercially disastrous doctrine.

■ Anderson's invasions, directly or through others, having all occurred at a time barred by laches, it is entitled to repose from claims for stale actions. Acc. Coppinger, Law of Copyright (8th ed. 1948) page 179.

Motion for summary judgment for defendant Anderson granted with costs of the usual type plus $200 attorney's fees pursuant to U.S.C. Title 17, § 116.