**Jesse BAXTER, Plaintiff,**

v.

**CURTIS INDUSTRIES, INC., Defendant.**

**Civ. A. No. 37232.**

United States District Court
N. D. Ohio, E. D.

Jan. 18, 1962.

Harry A. Blachman, Cleveland, Ohio, for plaintiff.

Fred Ornstein, Cleveland, Ohio, for defendant.

GREEN, District Judge.

This matter is before the Court on the motion of Curtis Industries to dismiss a complaint filed against it by Jesse Baxter, alleging violations of 17 U.S.C. § 101. Baxter alleges that he is the holder of copyrights to certain books containing key code information on Volkswagen automobiles, and that Curtis is infringing thereon by the publication and sale of certain booklets containing similar information and has done so continuously since about February, 1958.

The motion to dismiss is predicated on the proposition that this action is barred by the applicable statute of limitations, 17 U.S.C. § 115(b). That code section provides:

"No civil action shall be maintained under the provisions of this title unless the same is commenced within three years after the claim accrued."

The complaint in this case was filed September 21, 1961.

Section 115(b) was enacted on September 7, 1957, effective September 7, 1958. Prior thereto, the time in which an infringement action could be brought was governed by the limitation prescribed for the class of actions to which the infringement action belonged, by the law of the state where the action was brought. Brady v. Daly, 175 U.S. 148, 20 S.Ct. 62, 44 L.Ed. 109 (1899); McCaleb v. Fox Film Corp., 299 F. 48 (C.A. 5, 1924); Pathe Exchange, Inc. v. Dalke, 49 F.2d 161 (C.A. 4, 1931). This created a wide diversity in limitations, and promoted "forum shopping" in infringement actions. It was to cure that evil

this general limitation was adopted. 1957 U.S.Code Cong. & Adm.News, p. 1961.

The determinative issue in this case is, quite clearly, whether the three-year limitation of Sec. 115(b) begins to run from the date of initial infringement, or dates from the last infringing act. If the former, then this action is barred by the passage of time.

A study of the legislative history is often of assistance in arriving at a proper determination of a statute's application. Senate Report 1014 states:

> "The committee wishes to emphasize that it is the committee's intention that the statute of limitations contained in this bill, is to extend to the remedy of the person affected thereby, and not to his substantive rights." 1957 U.S.Code Cong. & Adm.News, p. 1963.

The Senate Report also embodies a portion of the House Report (No. 150), which similarly indicates that the limitations provision was designed to be remedial in nature.

Prior to the 1957 amendment the weight of authority, applying state statutes of limitation, was that the limitation ran from the last infringing act.

In Cain v. Universal Pictures Co., 47 F.Supp. 1013 (S.D.Cal., 1942), the Court held that acts of infringement continued while a motion picture was being exhibited. There one of the defendants was a script writer for the film. Judge Yankwich concluded that although the writer's direct activity ceased with the delivery of the script, as it was intended that the script would be the basis for the film and the film would be shown continuously, the script writer's infringement carried on while the film was on exhibition.

In the same Circuit, an action for injunction and damages instituted thirteen years after the initial infringing act but within nine months of the last infringing act, was held not barred by laches or limitations. Hampton v. Paramount Pictures, 279 F.2d 100 (C.A. 9, 1960).

Based on the foregoing, it appears that prior to the 1957 Amendment of Sec. 115 (b) the rule as to copyright infringement actions was, that the period of limitation began from the date of the last infringing act.

It is the opinion of the Court that the amendment was not intended to, and did not, change this basic concept. It simply made uniform a three-year limitation dating from the last act of infringement, in place of the multitude of state limitation periods. It is a remedial measure and should operate as such.

The complaint alleged a continuous infringement from February 1958 to the date of the complaint. There is no denial of this allegation by the defendant, and it must be presumed true for the purposes of this motion.

17 U.S.C. § 115(b) may limit the period of time in which damages are recoverable in this case, but by reason of the interpretation that the alleged infringement is continuous, the motion to dismiss is denied.