**CHAPPELL & CO., Inc., T. B. Harms Company, Williamson Music, Inc., Frank Loesser and Frank Music Corp., Plaintiffs,**

v.

**J. Jay FRANKEL, Defendant.**

**No. 64 Civ. 1802.**

United States District Court
S. D. New York.
April 22, 1968.

---

Abeles & Clark, New York City, for plaintiffs (John S. Clark and Robert C. Osterberg, New York City, of counsel).

Alan Kahn, New York City, for defendant.

## MEMORANDUM

MacMAHON, District Judge.

This is an action for copyright infringement brought under 17 U.S.C. by the music publishers of four compositions. Plaintiff Chappell & Co. holds the copyright on "Have You Met Miss Jones?," plaintiff T. B. Harms Company holds the copyright on "Why Was I Born?," plaintiff Williamson Music, Inc. holds the copyright on "I'll Be Seeing You," and Frank Loesser and Frank Music Corp. hold the copyright on "If I Were a Bell."

All four of these compositions, along with 92 others, were used in an album entitled "The World's Greatest Music Series 'Pop' Jazz," which was produced and manufactured by Recording Artist Music Corp. (Ramco) and was distributed and sold by Artia-Parliament Industries (Artia). Defendant J. Jay Frankel was the president of both Ramco and Artia at all relevant times.

At the commencement of trial, counsel stipulated that there were only two issues of fact to be tried:

First, did Ramco and Artia have mechanical licenses to reproduce the publisher's compositions?

Second, if Ramco and Artia did not have such licenses, did defendant Frankel personally participate in the infringement?

There was credible testimony that the music publishers here required all license requests to be in writing and that verbal licenses were not granted. Once a written request was received, licenses would be issued in triplicate to the proposed licensee. The licensee would sign the copies and return them. One copy of the license was always attached to the original request, and both were maintained as the licensing record for a particular composition.

A search of the licensing records of Chappell, which controlled Harms and Williamson, showed that no licenses for the first three compositions named above were ever issued to Ramco and Artia. Similarly, a search of the licensing records of Loesser and Frank Music Corp. showed that no license for its composition was ever issued to Ramco and Artia.

Nor does it appear, after a search of his licensing records, that Harry Fox, licensing agent for over 2,000 music publishers, ever licensed Ramco or Artia to reproduce the compositions in question. Moreover, Fox, as collection agent for the music publishers involved, has never received any royalty payments from Ramco or Artia. Albert Berman of the Fox office testified that all of the plaintiffs did their own licensing and

that Fox did not have authority to issue licenses for them.

■ There is no basis for defendant's argument that Ramco and Artia relied on Fox's statement, in his letter of May 15, 1963, that the licenses would be issued. The letter clearly states that Chappell would issue the licenses, not Fox. It negates Fox's authority to issue licenses, and any reliance placed on it by Ramco, Artia or Frankel was misplaced. Mechem, Agency § 84 (4th ed. 1952).

■ We conclude that no mechanical licenses, written or oral, for the reproduction of the compositions in question were ever issued by any of the plaintiffs or by Fox to either Ramco or Artia. Since neither Ramco nor Artia had licenses to reproduce plaintiffs' compositions, they are infringers.

■ We turn to the question of whether defendant Frankel personally participated in the infringement. Copyright infringement is a tort in which all participants are jointly and severally liable. Turton v. United States, 212 F. 2d 354 (6 Cir. 1954); Ted Browne Music Co. v. Fowler, 290 F. 751 (2 Cir. 1923).

Defendant Frankel delegated to Howard Singer, his vice-president in both Artia and Ramco, the job of obtaining the mechanical licenses for the compositions involved. Frankel knew that licenses were generally negotiated by Singer, but he had no personal knowledge as to whether licenses for these four compositions had been acquired.

Frankel was a major shareholder in Ramco and Artia. He was a director of both corporations. In addition, Frankel was the president of both Ramco and Artia. As president of Ramco, he negotiated with Roulette Records to acquire the master tapes of the artists' recordings which eventually appeared on the "Jazz Pack." Frankel was also responsible for the arrangement of the songs on the records. He then negotiated with another company to have the tapes reproduced and manufactured on

records. Ramco thereafter transferred the records to Artia for distribution and sale. Artia sold the records under the banner "J. Jay Frankel presents * * *."

 It is quite obvious that Frankel caused the selection of the artists, their recordings, the grouping arrangement of the various artists, the manufacture, distribution and sale of the infringing reproductions. In a word, he caused the whole process of infringement. His knowledge, or lack of knowledge, of the actual infringement does not alter the fact that he caused the infringement Massapequa Publishing Co. v. Observer, Inc., 191 F.Supp. 261 (E.D.N.Y.1961). Since Frankel was personally involved in, indeed supervised, the production of the records which reproduced plaintiffs' compositions without licenses, he is a joint tort feasor with Artia and Ramco. H. M. Kolbe Co. v. Shaff, 240 F.Supp. 588 (S.D.N.Y.), aff'd, 352 F.2d 285 (2 Cir. 1965).

As a joint tort feasor, Frankel is jointly and severally liable for damages caused by the infringement. Plaintiffs' filing of claims against Ramco and Artia in bankruptcy, as yet unsatisfied, is not a barrier to recovery. United States v. Silliman, 167 F.2d 607, 613 (3 Cir.), cert. denied, 335 U.S. 825, 69 S.Ct. 48, 93 L.Ed. 379 (1948); H. M. Kolbe Co. v. Shaff, supra, 240 F. Supp. at 590.

We find that Ramco and Artia infringed the plaintiffs' copyrights because they did not have licenses for the compositions which were manufactured and sold by them. We also find that defendant Frankel personally participated in the infringement and is individually and jointly and severally liable with Ramco and Artia to the plaintiffs.

The foregoing constitutes the court's findings of fact and conclusions of law, as required by Fed.R.Civ.P. 52(a).

The issue of damages was reserved for future determination, and it appeared that the defendants' books and records were unavailable upon the trial.

The issue and computation of damages will, therefore, be referred to a Special Master. Fed.R.Civ.P. 53(b); La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957).

The interlocutory judgment to be entered hereon shall empower and direct the Special Master to hear and report, within sixty (60) days, on the damages attributable to infringement of the plaintiffs' copyrights as a result of the defendants' manufacture and sale of the plaintiffs' compositions and also to hear and report on whether the defendants should pay the plaintiffs' costs, including reasonable attorneys' fees.

Settle interlocutory judgment on notice within five (5) days in accordance with this memorandum.

So ordered.