**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John William CLEMENTS,**
**Defendant-Appellant.**

**No. 73-1705**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 5, 1973.

---

\* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

Selig I. Goldin, Gainesville, Fla. (Court-appointed), for defendant-appellant.

William H. Stafford, Jr., U. S. Atty., Robert L. Crongeyer, Jr. Asst. U. S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

John William Clements was tried and convicted of conspiracy to violate 21 U. S.C. § 952(a)[1] and with aiding and abet-

1. It shall be unlawful to import into the customs territory of the United States from any place outside thereof (but within the United States), or to import into the United States from any place outside thereof, any controlled substance in schedule I or II of subchapter I of this chapter, or any narcotic drug in schedule III, IV, or V of subchapter I of this chapter . . . .

ting a violation of that same statute. On this appeal Clements argues that the trial judge abused his discretion in: (1) admitting a partially inaudible tape recording into evidence and (2) failing to grant his motion for a continuance. Additionally, he urges that the evidence as to aiding and abetting was insufficient to support his conviction. We affirm.

Clements was involved in a continuing conspiracy to import heroin from Thailand into the United States. The evidence established that pursuant to this conspiracy three trips to Thailand were made, the first one by Thomas Simmons and the last two by John Davidson. Each time a connection was made with a seller in Thailand, and the heroin was smuggled into the United States under the false bottom of a suitcase. The first two trips were successful and the heroin was distributed by the couriers to the other conspirators in Florida. However, the third trip undid the criminal venture. When Davidson passed through customs in New York upon his return from Thailand, a customs officer, after detecting the odor of glue, inspected his suitcase and found its false bottom and concealed contents. Subsequently, Davidson, who became cooperative after his apprehension in New York, returned to Florida in the company of Michael Levine, a customs agent. Upon arriving at his mobile home, in Alachua County, Florida, he phoned Alan Trupkin, another member of the conspiracy. Clements came with Trupkin to Davidson's trailer, where agent Levine secretly taped the conversation of the parties. As a result, Trupkin and Clements were indicted for the continuing conspiracy to import heroin involving all three trips. They were also indicted for aiding and abetting the importation of heroin but only with relation to the abortive third trip. On the first day of trial, before commencement of the proceedings, Trupkin pled guilty to the aiding and abetting count.

■ The admission into evidence of the partially inaudible tape made by agent Levine was a matter well within the discretion of the trial judge, who listened to the tape before the jury was allowed to hear it and determined that the missing portions did not impair the probity of that which could be heard. We find no abuse of this discretion. Addison v. United States, 317 F.2d 808 (5th Cir. 1963), cert. denied, 376 U.S. 905, 84 S.Ct. 658, 11 L.Ed.2d 605 (1964).

■ Similarly, no abuse of the trial judge's discretion occurred when he denied Clements' motion for a continuance after Trupkin's guilty plea. It is black letter law that this action will not be disturbed by an appellate court, except upon a showing that "the action of the trial court was in fact prejudicial to the defendant." Wright and Miller, Federal Practice and Procedure § 832 at 334. In his brief before this court, Clements argues that the guilty plea took his counsel by surprise and forced him to change his trial tactics on short notice thereby rendering counsel ineffective. It is argued that more time was needed to interview Trupkin and weave his testimony into the fabric of Clements' trial strategy.

Under the circumstances of this case, this argument does not demonstrate prejudice. Trupkin's testimony on Clements' involvement in the conspiracy was cumulative to testimony by Davidson and Simmons. The testimony was important to the government's aiding and abetting case. However, Trupkin did not testify until the second day of trial, and the trial judge specifically ordered that he be made available for interview by Clements' counsel after the first day. Clements has failed to demonstrate that this procedure was not sufficient to allow counsel to uncover any surprise testimony or otherwise prepare his defense to whatever Trupkin might say. Moreover, Clements and his counsel knew that the prosecutor had a continuing offer of certain concessions if one defendant would plead guilty and testify against the other. Therefore,

Trupkin's action should not have been completely unexpected. The trial court was also entitled to consider that Clements and his counsel had been allowed seven months to prepare for trial.

■■ In order to determine whether there was sufficient evidence to convict Clements of aiding and abetting, we must ascertain whether a view of the proof most favorable to the government would disclose substantial evidence to support the verdict. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L. Ed. 680 (1942). Under such a procedure the jury's verdict must stand. In Nye and Nisson v. United States, 336 U.S. 613, 619, 69 S.Ct. 766, 769, 93 L.Ed. 919 (1949) the Supreme Court stated the appropriate test as follows:

> In order to aid and abet another to commit a crime it is necessary that a defendant "in some sort associate himself with the venture, that he participate in it as something that he wishes to bring about, that he seek by his action to make it succeed." L. Hand, J., in United States v. Peoni, [2nd Cir.,] 100 F.2d 401, 402.

We are convinced that the jury could properly find that Clements' conduct met this test. Clements argues that Grimes v. United States, 379 F.2d 791 (5th Cir., cert. denied, 389 U.S. 846, 88 S.Ct. 104, 19 L.Ed.2d 113 (1967), precludes conviction in the instant case. The difference between that case and the instant case is that here there was evidence of Clements' participation in planning the alleged conduct, and of prearrangement for his participation in the fruits of the crime. Such evidence of prearrangement was wholly lacking in *Grimes*. This evidence coupled with after the fact statements attributed to Clements was sufficient for the jury to find the requisite association between Clements and the third trip. *See* United States v. McCray, 482 F.2d 286 (5th Cir. 1973).

Affirmed.