**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Karriem Al-Amin SHABAZZ,
Defendant-Appellant.**

No. 82–5080.

United States Court of Appeals,
Eleventh Circuit.

Feb. 16, 1984.

H. Jay Stevens, Asst. Federal Public Defender, Orlando, Fla., for defendant-appellant.

Wilbur V. Chaney, Asst. U.S. Atty., Orlando, Fla., for plaintiff-appellee.

Before HENDERSON and CLARK, Circuit Judges, and JONES, Senior Circuit Judge.

JONES, Senior Circuit Judge:

Karriem Al-Amin Shabazz has appealed his conviction for violating federal copyright laws. He asserts that the district court erred in not granting his motion for a judgment of acquittal. He contends that the government failed to provide either the quantum or type of proof required for criminal copyright infringement. The contention is without merit. The judgment of conviction is affirmed.

The appellant was engaged in the business of reproducing and distributing pirated eight track and cassette tapes. "Bootleg" or pirated tapes are the results of the illegal and unauthorized duplication of a sound recording without the permission of the copyright owners. Pirated tapes reproduce the sound but do not reproduce the tape cover or packaging of the legitimate tapes. The creation of a copyrighted tape begins with the studio master recording in the studio. One of the first duplicates of the studio master recording accompanies the copyright application. Another is sent to the Federal Bureau of Investigation for use in copyright infringement cases. A third duplicate is used for the production of legitimate copyrighted records and tapes.

The appellant purchased sophisticated audio equipment which was used for reproduction of audio tapes. He also purchased large quantities of unrecorded eight track and cassette tapes. He ordered eight track and cassette tape labels to be printed which listed the musicians and songs. He hired three employees to reproduce eight track and cassette tapes of copyrighted sound recordings of popular music. His employees, working in his home, would review work orders and reproduce selected music tapes by use of a high speed duplicator. The employees checked the tapes to insure music selection and sound quality. The tapes were individually wrapped in cellophane, placed in boxes and then sold.

An investigation lead to the issuance of a search warrant for the appellant's home and automobile. Federal agents seized blank and legitimate copyrighted tapes, duplicating equipment, blank and preprinted eight track and cassette labels, and various business records and materials. Ten legitimate copyrighted tapes and ten pirated copies were seized. The appellant was arrested for violating United States copyright laws under Title 17, §§ 106(1) and 506(a).

At the trial the government introduced ten copyright registrations, one for each tape alleged to be an infringement. Copyright owner representatives testified to the ownership of copyrights of the music recordings and to the absence of authorization for appellant to reproduce the legitimate copyrighted tapes. They also testified that it was a regular practice to send duplicates of such copyrighted recordings to the FBI for use in criminal copyright infringement cases. However, none of the copyright owner representatives had compared the duplicate sent to the FBI with either the studio master recording or the duplicate which accompanied the application to the United States copyright office.

Two FBI agents testified to examining the tapes seized from appellant's home. One agent testified that he listened to the seized legitimate copyrighted tapes and pirated copies to make sure the music listed on the tape label or box was contained on that particular tape. The second agent, an experienced aural examiner, was qualified by the district court as an expert witness. He acknowledged that the FBI received copyright owners duplicates to compare legitimate copyrighted tapes with pirated tapes. The expert compared the copyright owners duplicates with the legitimate copyrighted tapes and the pirated tapes seized from appellant's home and determined that the music on all three tapes had been produced from the same original source. The expert also testified that during the course of his examination of the pirated tapes, he listened to the entire tape and found that the tape labels and boxes accurately reflected the musical contents. The expert did not compare the copyright owners duplicates or the pirated tapes with the studio master recording or the duplicate which accompanied the application to the United States Copyright Office. There was no evidence that the copyright owner duplicates were tampered with or altered in any way

or contained anything other than the music indicated on the tape label or box. A jury returned a verdict of guilty to ten counts of copyright infringement.

The appellant challenged the sufficiency of the evidence to support the guilty verdict by a motion for a judgment of acquittal. The denial of the motion is assigned as error. In determining the sufficiency of the evidence, it will be examined in a light most favorable to the government. All reasonable inferences which support the verdict will be adopted. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Currabarona,* 706 F.2d 1089 (11th Cir.1983). The applicable standard is whether a reasonable jury could conclude that the evidence established guilt beyond a reasonable doubt. *United States v. Pierre,* 688 F.2d 724, 725 (11th Cir.1982); *United States v. Roper,* 681 F.2d 1354, 1359 (11th Cir.1982). "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. A jury is free to choose among reasonable constructions of the evidence." *United States v. Bell,* 678 F.2d 547, 549 (5th Cir. Unit B 1982) (en banc), aff'd on other grounds, —— U.S. ——, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983).[1] See also, *United States v. Russo,* 717 F.2d 545 (11th Cir. 1983). We proceed to examine appellant's claims keeping in mind the foregoing standard of review.

The appellant's primary contention concerns the authentication of the tape recordings. He urges that the tapes were not authenticated since a comparison was not made between the copyright owners duplicates and the studio master recordings or the duplicate on file at the United States Copyright Office. He contends the government failed to prove that any of the tapes introduced in evidence were copyrighted material. In determining whether there was a sufficient showing of accuracy to warrant admissibility, the governing standard is whether "the possibility of misidentification and adulteration [is] eliminated, not absolutely, but as a matter of reasonable probability * *." *Gass v. United States,* 416 F.2d 767, 770 (D.C.Cir.1969); *United States v. Haldeman,* 559 F.2d 31, 107 (D.C. Cir.1976).

The burden of raising the issue of authentication is on the party opposing admission. *United States v. Dimatteo,* 716 F.2d 1361, 1368 (11th Cir.1983); *United States v. Georgalis,* 631 F.2d 1199 (5th Cir. 1980). Viewing the record, we are not persuaded that the appellant has met his burden of raising a genuine issue as to the authentication of the tapes admitted into evidence. Authentication is satisfied by evidence sufficient to support a finding that the matter in question is ... "What its proponent claims." *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.,* 505 F.Supp. 1190 (E.D.Pa.1980); see also, *Finance Co. of America v. Bankamerica Corp.,* 493 F.Supp. 895 (D.C.Md.1980).

Here, the proof adduced at trial made out a prima facie case as to the authenticity and identification of the tapes. See, *United States v. Scully,* 546 F.2d 255, 269 (9th Cir.1976), vacated and remanded on other grounds, sub nom., *United States v. Cabral,* 430 U.S. 902, 97 S.Ct. 1168, 51 L.Ed.2d 578 (1977). The copyright owner representatives testified to the customary practice of providing duplicates of copyrighted tapes to the FBI for use in comparing legitimate copyrighted recordings with pirated tapes. Although a better practice would be for the government to compare pirated tapes with the duplicate registered with the United States Copyright Office, the government provided sufficient evidence that the copyright owners duplicates were accurate and authentic. There has not been the slightest hint by appellant that any of the tapes have been altered. There

---

1. In *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33 (11th Cir.1982), this Court adopted as binding precedent all of the post-September 30, 1981, decisions of Unit B of the former Fifth Circuit. Cf., *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) which adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

has been no evidence that the music listed on the tape box or label was erroneous. The expert witness compared three tapes: the copyright owners duplicate, the legitimate copyrighted tape, and the pirated tape, and found all three tapes had been produced from the same source.

Where there is sufficient independent evidence of the accuracy of the tape recording to insure their reliability, the trial court's decision will not be disturbed. *United States v. Hughes,* 658 F.2d 317 (5th Cir. Unit B 1981), cert. denied, 455 U.S. 922, 102 S.Ct. 1280, 71 L.Ed.2d 463 (1982); *United States v. Gorel,* 622 F.2d 100 (5th Cir.1979). The determination to admit tape recordings into evidence rests in the discretion of the trial court, *United States v. Clements,* 484 F.2d 928, 930 (5th Cir.1973), cert. denied, 415 U.S. 991, 94 S.Ct. 1591, 39 L.Ed.2d 888 (1974). The decision in this case to admit the tapes, leaving to the jury the question of their weight, is not shown to be error.

The appellant's other arguments are without merit. He urges that the government failed to prove that pirated tapes were made within the Statute of Limitations. He contends that as the copying of copyrighted material occurred after three years of the date of copyright publication the indictment must be dismissed as not having been brought within the Statute of Limitations. The Statute provides: "[N]o criminal proceeding shall be maintained under the provisions of this title unless it is commenced within three years after the cause of action arose." 17 U.S.C. § 507(a) (1982). In copyright infringement actions, the period of limitation begins on the date of the last infringing act. *Baxter v. Curtis Industries, Inc.,* 201 F.Supp. 100 (N.D.Ohio 1962). The trial record reflects the unauthorized duplication of legitimate copyrighted tapes in the same year of the indictment, thereby satisfying the three year Statute of Limitations.

The appellant argues that the government failed to prove that he or his employees made pirated eight track or cassette tapes. At the trial below, three employees testified to reproducing eight track to cassette tapes under the appellant's di-

rection. One employee testified to reproducing eight track tapes and identified cassette tapes, listed in the indictment, as being reproduced by the appellant. A second employee testified that she reproduced both eight track and cassette tapes under the appellant's direction. She identified tapes, named in the indictment, that were reproduced by the appellant. The evidence is sufficient.

The appellant asserts that the government failed to prove that any of the tapes introduced in evidence were made for commercial profit as required by the Statute. An employee identified specific tapes made in bulk under appellant's direction as reproduced for local and out of state sale. The appellant sold pirated tapes, solicited wholesale customers, and shipped large quantities of tapes out of state. This evidence is sufficient to show that the tapes produced were made with the intention to make a profit. It is not necessary that he actually made a profit. The only requirement is that he engaged in business "to hopefully or possibly make a profit." *United States v. Wise,* 550 F.2d 1180, 1195 (9th Cir.1977); *United States v. Moore,* 604 F.2d 1228 (9th Cir.1979).

The appellant's conviction of violating copyright laws, contrary to 17 U.S.C. §§ 106(1) and 506(a) (1982), is

AFFIRMED.