UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 93-3274

_____


MAKEDWDE PUBLISHING COMPANY, RON
PUBLISHING COMPANY, RIC RECORDS,

Plaintiffs-Appellees,

versus

ALVIN LEE JOHNSON, SR., ET AL.,

Defendants,

LYMAN L. JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana

_____

(October 24, 1994)

Before JOHNSON, GARWOOD and JOLLY, Circuit Judges.

GARWOOD, Circuit Judge:

In this interlocutory appeal under 28 U.S.C. § 1292(b),
defendant-appellant Lyman Jones challenges the district court's
denial of his motion for summary judgment in the instant copyright
infringement lawsuit. He asserts that the district court erred in
ruling that the Copyright Act allows for infringement claims
brought six years after his last act of infringement. We reverse.

## Facts and Proceedings Below

Appellees Joseph C. Jones, d/b/a Makedwde Publishing Co. (Makedwde), and Joseph Ruffino, Jr. owner of Ron Publishing and Ric Records (collectively the Plaintiffs) filed this *pro se* lawsuit against defendant-appellant Lyman Jones and several other defendants for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq*., and the Lanham Act, 15 U.S.C. § 1125(a). The Plaintiffs allege that, in 1960, Alvin Johnson (Johnson) recorded a song entitled "Carnival Time" on Ric Records and assigned his rights in the song to Ron Publishing Co., which was acquired by Makedwde in 1985. They further allege that in 1979, contrary to the Plaintiffs' rights, Johnson registered a copyright for the song with the assistance of his (Johnson's) then attorney, appellant Lyman Jones (Jones). Thereafter, Johnson and Jones allegedly incorporated Carnival Time Music and Records (CTMRI) and arranged for the song to be sung by other defendants named in the lawsuit. According to both parties, on January 2, 1985, Jones entirely terminated his involvement in CTMRI by returning all corporate stock and resigning from his position as a corporate officer. The records produced by CTMRI, however, continue to be sold.

On March 4, 1991, the Plaintiffs filed this suit against Jones, Johnson and numerous other defendants involved with the recording and distributing of "Carnival Time" for CTMRI. On November 18, 1992, Jones filed a motion for summary judgment, asserting that the Plaintiffs' claims were barred by the Copyright Act's three-year statute of limitations, 17 U.S.C. § 507(b),

2

because he had not been involved with CTMRI, or the distribution of "Carnival Time", since his resignation in 1985.[1]

The district court acknowledged there was no genuine issue of material fact regarding the date Jones ended his involvement with CTMRI or the distribution of "Carnival Time," but concluded that under a "continuing tort" theory the statute of limitations had not run, and accordingly denied Jones' motion for summary judgment. The district court stated its summary judgment order "involve[d] a controlling question of law as to which there is substantial ground for difference of opinion" and certified the question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Subsequently, this court granted Jones permission to pursue an interlocutory appeal.

## Discussion

This Court reviews the grant of summary judgment *de novo*, applying the same standard as the district court. *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 975 (5th Cir. 1991). We determine whether there are any disputed material facts, and "whether the district court correctly applied the relevant law to the undisputed facts." *E.E.O.C. v. Boeing Services Int'l*, 968 F.2d 549, 553 (5th Cir. 1992).

---

[1] Jones' resignation from CTMRI is not in dispute. In fact, Jones referred to exhibits in the Plaintiffs' own pleadings to establish the date he left CTMRI. The exhibits mentioned by Jones were: (1) a January 2, 1985 letter from Jones to Johnson, in which Jones resigned as an officer in CTMRI; (2) a January 2, 1985 letter from Jones to Johnson, in which Jones enclosed an endorsed stock certificate for his shares in CTMRI; and (3) a January 2, 1985 stock certificate for thirty shares of CTMRI which was endorsed by Jones.

3

Both parties acknowledge that Jones' involvement with CTMRI and the recording and distribution of "Carnival Time" did not extend past his resignation from CTMRI in 1985, more than six years before Plaintiffs filed this suit. Certainly there is no summary judgment evidence to the contrary.

The Copyright Act provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). Therefore, the question is when did the Plaintiffs' claim against Jones accrue.

The Plaintiffs urge this Court to follow the decision of the district court which reasoned that Jones' pre-1985 actions led to subsequent and still continuing acts of infringement by others, and as a result, the statute of limitations has not run. Jones, however, asserts that this court should follow the plain language of the Copyright Act and hold that the Plaintiffs' infringement claim against him accrued on the date of his last act of infringement, *i.e.* the last date he was involved with CTMRI. The issue is one of first impression in this Court.

The district court denied Jones' motion for summary judgment based upon the continuing tort theory developed by the Seventh Circuit in *Taylor v. Meirick*, 712 F.2d 1112, 1117 (7th Cir. 1983).[2]

---

[2] The district court also relied on the Eleventh Circuit's decision in *United States v. Shabazz*, 724 F.2d 1536 (11th Cir. 1984) as support for the continuing tort doctrine. *Shabazz* involved a criminal prosecution for copyright infringement, as to which the relevant statute of limitations is 17 U.S.C. § 507(a). The conviction was affirmed, the *Shabazz* court stating that "the period of limitation begins on the date of the last infringing act" and that "[t]he trial record reflects the unauthorized

4

In *Taylor*, the defendant had copied and sold the plaintiff's maps over three years prior to the lawsuit. The court held that the "initial copying was not a separate and completed wrong but simply the first step in a course of wrongful conduct that continued till the last copy of the infringing map was sold by [the defendant] or with his connivance." *Id*. at 1119. Following the reasoning of *Taylor*, the district court held that even if Jones had not himself committed any acts of infringement within the three-year statute of limitations period, he is still subject to suit if he fails to take reasonable steps to prevent others with whom he had previously collaborated from continuing to infringe.

Jones asserts that the court should reject the continuing tort theory and follow decisions of *Hoste v. Radio Corp. of America*, 654 F.2d 11, 11 (6th Cir. 1981) and *Stone v. Williams*, 970 F.2d 1043 (2nd Cir. 1992), *cert. denied*, 113 S.Ct. 2331 (1993). In a *per curiam* decision the Sixth Circuit in *Hoste* interpreted section 507(b) as barring recovery of any claims for damages which accrued over three years prior to the lawsuit. In *Stone*, the Second Circuit stated that "[e]ach act of infringement is a distinct harm giving rise to an independent claim for relief." 970 F.2d at 1049. The *Stone* court concluded "[r]ecovery is allowed only for those

---

duplication of legitimate copyrighted tapes in the same year of the indictment . . . ." *Id*. at 1540. We do not understand the *Shabazz* opinion to rely on a continuing tort type theory. Even if this Court finds that the civil statute of limitations begins on the date of the last infringing act, that would not aid the Plaintiffs unless we expand the definition of infringement to include continuing infringement by others as a result of the defendant's past actions outside the limitations period.

acts occurring within three years of suit, and disallowed for earlier infringing acts." *Id*. 1049-50. *See also*, *Kregos v. Associated Press*, 3 F.3d 656, 662 (2nd. Cir. 1993) (specifically rejecting the continuous tort doctrine of *Taylor*). The *Stone* approach was followed by the Ninth Circuit in *Roley v. New World Pictures, Ltd*., 19 F.3d 479 (9th Cir. 1994), which likewise rejected *Taylor*. *Roley* at 481-82.

The conflict between the Seventh Circuit decision in *Taylor* and the Second Circuit decision in *Stone* turns on each court's definition of infringement. The *Taylor* court seems to have expanded the definition of infringement to include a defendant's actions outside the limitations period which continue to cause harm to the plaintiff within the period. For example, Jones' previous involvement in CTMRI may be indirectly responsible for its ability to continue to sell recordings of "Carnival Time", and if so, then under *Taylor*, Jones would arguably still be subject to liability. However, the court in *Stone* viewed each act of infringement as giving rise to a separate claim. Under this approach, Jones' previous acts of infringement through CTMRI between 1979 and 1985 are distinct from CTMRI's acts of infringement occurring after Jones' 1985 resignation and termination of any involvement with CTMRI or the distribution of "Carnival Time."

We are persuaded by the Ninth, Sixth and Second Circuits' interpretation of section 507(b). Jones is only liable for *his* acts of infringement committed within three years prior to Plaintiffs' lawsuit. Jones' last involvement with CTMRI or the recording and distribution of "Carnival Time" was on January 2,

6

1985. After January 2, 1985, Jones was not responsible "directly or vicariously, individually or jointly" in the operations of CTMRI. *Maloney v. Stone*, 171 F.Supp. 29, 32 (D. Mass 1959). To hold Jones liable "would be a socially preposterous and commercially disastrous doctrine." *Id*.[3]

The Plaintiffs' filed their lawsuit six years after any claim they had against Jones accrued. Under section 507 the statute of limitations has run,[4] and as a result, the Plaintiffs' claim against Jones for damages is barred. For the foregoing reasons the order of the district court is

REVERSED.

---

[3]   In *Maloney*, which was decided prior to the enactment of section 507(b) and the Copyright Act of 1976, the district court applied the state prescribed two-year statute of limitations to a copyright infringement lawsuit. *Maloney* involved a defendant who allegedly printed copyrighted material for a third party over two years prior to the plaintiff's suit. *Id*. The court held that there was "no merit to plaintiff's suggestion that [the defendant] merely because he was printer is liable for each sale that [is] made, and that the liability flowing from such sale arises for the first time when it is made." *Id*.

[4]   In *Prather v. Neva Paperbacks, Inc.*, this Court noted that "once a defendant has shown that a claim is time barred by the applicable statute of limitations, it is incumbent upon the plaintiff, if he is to avoid the bar, to come forward and demonstrate that for some equitable reason the statute should be tolled in his case." 446 F.2d 338, 340 (5th Cir. 1971). The *Prather* opinion also held that "fraudulent concealment of a cause of action by the defendant will toll the statute of limitations." *Id*. at 341. The Plaintiffs do not contend that Jones, at any time, attempted to conceal his involvement in the recording and distribution of "Carnival Time" for CTMRI. No reason is shown to toll the statute in the instant case.