**RESPECT INCORPORATED, Plaintiff,**

v.

**Susan FREMGEN, et al., Defendant.**

**No. 93 C 2817.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 10, 1995.

Daniel Francis O'Connell, Richard C. Baker, Mauck, Bellande, Baker & O'Connell, Chicago, IL, for Respect Inc.

Damian Gilmary Wasserbauer, Mayer, Brown & Platt, David C. Brezina, James R. Sweeney, Lee, Mann, Smith, McWilliams, Sweeney & Ohlson, Chicago, IL, for American Forms, Inc.

Robert Edward Kehoe, Jr., James Gilbert Bonebrake, Wildman, Harrold, Allen & Dixon, Chicago, IL, for Law Bulletin Pub. Co.

Mark A. Hamill, Fitch, Even, Tabin & Flannery, David A. Crossman, Chicago, IL, for Kathleen Sullivan.

Daniel Laurence Kegan, Patrick Anthony Flynn, Kegan & Kegan, Ltd., Chicago, IL, for Sigma Graphics.

David A. Crossman, Chicago, IL, for Committee on the Status of Women.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff Respect Incorporated has brought an action for copyright infringement pursuant to 17 U.S.C. § 101, *et seq.* (the "Act") against a number of defendants, including Law Bulletin Publishing Company, American Forms, and Sigma Graphics (the "Printer Defendants")[1] alleging that they unlawfully reproduced plaintiff's work in violation of Section 106(1) of the Act. The parties have filed cross-motions for partial summary judgment on the issue of what damages plaintiff may recover should it prevail on liability. The defendants assert that they can be liable only for the actual damages caused by their own infringement, i.e., the amount of their profits, or for statutory damages under Section 504(c) of the Act. Plaintiff asserts that it can recover from the Printer Defendants all of its actual damages incurred as a result of the unlawful distribution of the reproductions by a third party (who ordered the reproductions from the Printer Defendants) whom plaintiff had sued previously, and with whom plaintiff has entered into a settlement agreement. For the reasons set forth below, the court grants the Printer Defendants' motion for partial summary judgment and concludes that they are liable only for the damages actually caused by their own infringement or for statutory damages.

### FACTS

In 1985 Colleen Mast wrote and received a copyright on a set of educational booklets concerning sexual abstinence by teenagers (the "Textbooks"). Mast later assigned the copyright to plaintiff. Plaintiff and the Committee on the Status of Women (the "Committee") entered into negotiations concerning federal funding for a project known as Sex Respect, pursuant to which Mast would produce the Textbooks for dissemination to schools throughout the United States. The Committee did in fact receive a grant from the United States Department of Health & Human Services ("HHS"); however, approximately a year after receiving that grant the Committee and Mast had a falling out and severed their relationship. The Committee, apparently believing that it had authority from HHS, placed orders for the reproduction of the Textbooks which bore the express copyright of Mast, and indicated that it was printed by Project Respect, a project of the Committee, and reprinted with the approval of the Office of Adolescent Pregnancy Programs, U.S. Department of Health & Human Services. The Committee's belief was based on a letter it had received from HHS granting approval to reproduce the Textbooks. After receiving the reproductions from the Printer Defendants, the Committee proceeded to distribute them to schools throughout the country.

Mast and plaintiff sued the Committee for copyright infringement. Judge Shadur, to

---

1. The Printer Defendants are the only defendants remaining in the case.

whom that case was assigned, determined that HHS did not have authority to grant approval to the Committee to reproduce the Textbooks, and thus entered summary judgment in favor of Mast and plaintiff on the issue of copyright liability. The Committee appealed, but the parties settled their dispute, and the appeal was withdrawn. While that suit was pending, however, plaintiff filed the instant action alleging that the Printer Defendants violated plaintiff's copyright by reproducing the Textbooks pursuant to the Committee's orders. In this suit, plaintiff alleges that the Printer Defendants are liable for all actual damages plaintiff suffers as a result of their own and the Committee's infringement.

### *DISCUSSION*

■ Section 504 of the Act sets forth remedies for infringement. In general, the section provides that an infringer is liable for either the copyright owner's actual damages and any additional profits of the infringer, or for statutory damages (which are not at issue here). In particular, Section 504(b) provides:

> "(b) Actual Damages—A copyright owner is entitled to recover the *actual damage suffered by him or her as a result of the infringement,* and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damage.

17 U.S.C. § 504(b) (emphasis added). The disagreement in this case revolves around the phrase "as a result of the infringement."

Plaintiff asserts that it is entitled to recover from the Printer Defendants all of its actual damage incurred as a result of the Committee's infringement, i.e., the Committee's decision both to reproduce and distribute the Textbooks. Thus, plaintiff seeks to recover from the Printer Defendants the value of its lost sales resulting from the Committee's distribution (less, of course, whatever plaintiff has received from its settlement with the Committee). To achieve this result,

plaintiff first defines the alleged "infringement" as the Committee's distribution of the Textbooks, and then asserts that the Printer Defendants are jointly and severally liable with the Committee as joint tort-feasors. To support this argument, plaintiff relies principally on *Chappell & Co., Inc. v. Frankel,* 285 F.Supp. 798 (S.D.N.Y.1968) which, according to plaintiff, holds that co-infringers are jointly and severally liable.

■ Plaintiff is correct that copyright infringement is considered a tort, and that co-infringers are considered joint tort-feasors, with joint and several liability. *Id.* In the instant case, however, plaintiff has put the cart before the horse by simply assuming that the Printer Defendants are coinfringers with the Committee. *Chappell* defines a co-infringer as one who participates in the infringement. *Id.* at 800; see also, *Massapequa Publishing Co., Inc. v. Observer, Inc.,* 191 F.Supp. 261 (E.D.N.Y.1961) ("it is settled law that all who participate in an infringement are jointly and severally liable"). In the instant case, however, the Printer Defendants did not participate in the Committee's infringement. They had no connection with and had no control over the Committee's distribution of the Textbooks, and it is this infringement for which plaintiff attempts to hold them liable. This court agrees with the court in *Maloney v. Stone,* 171 F.Supp. 29, 32 (D.C.Mass.1959), that the "nexus between the owner of the copyright and the printer of infringing copies arises when the infringements are produced. The moment [the printer] printed he became liable to plaintiff. It was then that he invaded plaintiff's rights." Thus, the Printer Defendant's conduct ceased when they delivered the copies to the Committee. This court agrees with the statement in *Maloney* that to "hold [the Printer Defendants] liable for what [their] independent customers do would be a socially preposterous and commercially disastrous doctrine." *Id.*[2]

This conclusion is buttressed by both the wording of the Act and plaintiff's complaint.

---

**2.** The court is aware that the Second Circuit may have implicitly held that printers are jointly liable for the later infringements of their customers in *Fitzgerald Publishing Co., Inc. v. Baylor Publishing Co., Inc.,* 807 F.2d 1110 (2d Cir.1986)

and *Abeshouse v. Ultragraphics, Inc.,* 754 F.2d 467 (2d Cir.1984). In both those cases, however, it appears that the printer participated in the infringement by improperly removing the copyright notice.

**364**

Section 106 of the Act defines a copyright owner's exclusive rights:

(1) to reproduce the copyrighted work in copies or phono-records;

(2) to prepare derivative works based upon the copyrighted work;

(3) to distribute copies of phono records of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease or lending;

(4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audio visual works, to perform the copyrighted work publicly; and

(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic or sculptural works, including the individual images of a motion picture or other audio visual work, to display the copyrighted work publicly.

The rights granted by section 106 are separate and distinct, and are severable from one another. The grant of one does not waive any of the other exclusive rights. *Columbia Pictures Industries, Inc. v. Redd Horne, Inc.*, 749 F.2d 154, 158 (3d Cir.1984). Likewise, the violation of one is not necessarily a violation of another. Although plaintiff's complaint fails to set forth the specific section it alleges the Printer Defendants violated, the complaint (¶ 7) charges them with infringing plaintiff's copyright by "printing the textbooks" for the Committee. The complaint contains no allegations that the Printer Defendants had any part in the distribution or sale of the Textbooks. The court can only conclude that plaintiff is asserting a claim under Section 106(1) for reproducing plaintiff's work. Therefore, under Section 504(b) the Printer Defendants are liable only for the actual damage caused by their own infringement—the printing itself.

Finally, the court notes that in his treatise, Professor Nimmer states:

The copyright liability of a printer is limited to the particular acts of printing, so that a printer *qua* printer is not a related de-

fendant with respect to subsequent infringing uses of the printed work.

Nimmer on Copyright, § 12.04[A] at 12–76.

Accordingly, the court concludes that the Printer Defendants are liable only for the actual damage caused by their own infringements, and not for any lost profits caused by the Committee's sale or distribution of the copies. Therefore, the court grants the Printer Defendants' cross-motion and denies plaintiff's motion for partial summary judgment.

### CONCLUSION

For the reasons set forth above, the court grants the motions of Law Bulletin Publishing Company, Sigma Graphics and American Forms, Inc. for partial summary judgment, denies plaintiff's motion for partial summary judgment, and holds that the Printer Defendants can be liable only for their profits or statutory damages. This matter is set for a report on status on July 5, 1995 at 9:15 a.m.