**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 96-30244
Summary Calendar
_____


STANLEY J. LEWIS; PAULINE T. LEWIS,

                    Plaintiffs-Appellees-Cross-Appellants,

            VERSUS

    ICHIBAN RECORDS, INC.; ET AL

                                        Defendants,

    ICHIBAN RECORDS, INC.; JOHN E. ABBEY,

                    Defendants-Appellants-Cross-Appellees.


_____

No. 96-30724
Summary Calendar
_____


    STANLEY J. LEWIS; PAULINE T. LEWIS,

                                Plaintiffs-Appellees,

                VERSUS

        ICHIBAN RECORDS, INC.; ET AL


                                        Defendants,

    ICHIBAN RECORDS, INC.; JOHN E. ABBEY,

                            Defendants-Appellants.

_____

Appeal from the United States District Court

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Stanley J. and Pauline T. Lewis ("Lewis") sued Ichiban Records, Inc. ("Ichiban") and John E. Abbey ("Abbey") for damages and attorneys fees alleging copyright infringement regarding eight songs. Following a bench trial, the district court found for the Defendants as to six of the songs but found for Lewis as to two songs: "You're Gonna Miss Me" and "Nothing Takes The Place Of You". In so doing it ruled as to the successful claims, that they were not barred by prescription, the copyrights had been violated, Lewis proved ownership of the copyrights, and $40,000.00 in damages and $44,814.00 in attorney's fees were due.

The essential facts are not in dispute. United States Copyright Registration for "You're Gonna Miss Me" shows that Ernie Johnson and Bob Washington were the authors and the Su-Ma Publishing Co. was the copyright claimant. Similar documentation for "Nothing Takes The Place Of You" shows that Toussaint McCall was the author and Su-Ma Publishing Co. was the copyright claimant. There is no evidence of any transfer from McCall, nor from Washington to anyone. There is evidence that Johnson transferred

---

[1]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

his interest in his composition to Su-Ma Publishing.  There is a record of transfers from Su-Ma Publishing to various entities and finally to Lewis. Ichiban and Abbey challenge only the lack of evidence of transfer to Su-Ma, and the transfer from Pioneer Bank and Trust Co. to Lewis.

The primary issue is which party bears the burden to prove the chain of title.  The district court ruled that Lewis did not have the burden to prove title from the song's authors to the copyright claimant, Su-Ma.  Ichiban and Abbey contend this is error.  We disagree.  To accept their premise would deprive the copyright registration of its prima facie evidentiary effect.  It is prima facie evidence that Su-Ma Publishing Co. was the copyright owner. All parties rely on language from 3 Nimmer On Copyright § 12.11(C) as correctly stating the law.  We agree that it does and agree with the district court that it means that once the plaintiff offers evidence of the chain of title from the original copyright holder to itself, the burden shifts from it to defendant to establish the invalidity of the plaintiff's title.  This Appellants have not done.

Appellants next challenge Lewis' title claiming that the sale and chattel mortgage from Pioneer Bank and Trust Co. to the Lewis's was not effective to transfer copyright rights in the two songs at issue because they were not described specifically and the deed was not registered with the copyright office.  The document did convey, however "[a]ll copyright compositions of Su-Ma Publishing Company,

3

Inc.....It being the intention of [Pioneer] to convey to [Lewis] without warranty all copyrights...used in connection with the recording, publication and sale of records and cassettes which [Pioneer] acquired in those certain bankruptcy proceedings entitled 'P&S Enterprises, Inc.'...." Other documentary evidence established the acquisition of the copyrights in question by P&S Enterprises. The description is adequate.

Appellant's contention that Lewis' failure to register the transfers with the copyright office somehow defeats their title is without merit. Registration deals only with notice. See 3 Nimmer On Copyright § 12.08.

We reject Appellants' claim of prescription for the reasons given by the district court. See <u>Makedwde Publishing Co. v. Johnson</u>, 37 F.3d 180 (5th Cir. 1994).

Finally, Appellants contend the district court abused its discretion in several respects in the award of attorneys fees. We disagree. While we fully agree with the district court that the charges originally submitted were incredible to say the least, that does not mean that no fees were due. Our review of the record convinces us that the amount awarded by the district court was fair and reasonable and justified by the evidence submitted.

The judgment of the district court is AFFIRMED.

4