IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-10245
_____


PAR MICROSYSTEMS, INC.,

                                              Plaintiff-Appellant,

                        versus

PINNACLE DEVELOPMENT CORP., ET AL.,

                                              Defendants,

                        and

ROBERT S. JOHNSON,

                                              Defendant-Appellee.
_____

         Appeal from the United States District Court for the
                   Northern District of Texas, Dallas
                          (3:93-CV-2114-D)
_____

                       December 30, 1996

Before JOLLY, JONES, and PARKER, Circuit Judges.

PER CURIAM:[*]

     This appeal presents two questions: (1) whether the district

court erred in granting summary judgment in favor of Robert S.

Johnson ("Johnson") on all claims of copyright infringement alleged

by PAR Microsystems, Inc. ("PAR"); and (2) whether the district

     [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

court abused its discretion in refusing to consider new evidence presented by PAR in its motion to reconsider the grant of summary judgment. After reviewing the record, studying the briefs, and considering the arguments presented to this court, we conclude that, under the particular circumstances of this case, the district court abused its discretion in refusing to consider the new evidence and arguments presented by PAR in its motion to reconsider.

PAR filed its complaint against Johnson, Data National Corporation ("DNC") and Pinnacle Development Corporation ("Pinnacle") alleging copyright infringement and various state law tort claims resulting from the alleged wrongful copying of a computer software program.[1] Johnson, Pinnacle and DNC moved for summary judgment contending that PAR's claims were barred by the running of the applicable three-year statute of limitations. In response, PAR argued only that the claims should not be barred, based on the discovery rule, because the statute of limitations did not begin running until they conclusively determined that a claim existed, instead of the earlier date, alleged by the defendants, when PAR first became aware of the facts giving rise to the claim. The district court granted the motion for summary judgment and

---

[1]PAR and Data National Corporation have entered into a settlement agreement.

dismissed the complaint.[2]  Under our earlier cases, a cause of action for copyright infringement arises when a party has knowledge of the violation or notice of facts that, in the exercise of due diligence, would have led to such knowledge.  Jensen v. Snellings, 841 F.2d 600 (5th Cir. 1988).  Thus, the district court did not err in determining that the statute of limitations began running at the time--over three years before commencement of this action--that PAR became aware of the similarities between the two software programs; therefore, the grant of summary judgment on this ground for all claims accruing three years before the filing of the complaint was not erroneous.

After summary judgment was granted, PAR filed a motion for reconsideration arguing that the entire complaint should not have been dismissed.  In support of this motion, PAR contended that the infringement was a continuing activity, that there were separate acts of infringement occurring within the limitations period and that the claims against Pinnacle could not be barred because the company was formed less than three years prior to the filing of the complaint.  PAR offered evidence, although its admissibility was disputed, of timely additional acts of infringement.  The district court concluded that PAR had "reserved" this evidence and argument,

_____

[2]The district court also granted summary judgment as to the state law claims.  PAR does not appeal that ruling.

in spite of the fact that it could have been fully presented at the time the motion for summary judgment was decided. The court refused to consider the evidence offered in support of the motion for reconsideration except to rule that Pinnacle's corporate non-existence at the time in question prevented the commencement of the running of the statute of limitations as to it.[3] The court therefore reinstated the complaint as to Pinnacle only.

We review the refusal of a district court to consider new evidence presented on a motion for reconsideration under Federal Rule of Civil Procedure 59(e) for abuse of discretion. Fields v. City of South Houston, Texas, 922 F.2d 1183, 1188 (5th Cir. 1991). When deciding whether to consider new evidence in connection with a Rule 59(e) motion, district courts should consider the following factors: (1) the reasons for the party's default in presenting the evidence earlier; (2) the importance of the evidence to the party's case; (3) the availability of the evidence at the time of the response to the motion for summary judgment; and (4) the likelihood that the defendants will suffer unfair prejudice if the case is reopened. Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990). Here the matter is very close, especially because much of the blame for the plaintiff-non-movant's

_____

[3]This appeal is before the court by virtue of Federal Rule of Civil Procedure Rule 54(b) judgment. PAR's claim against Pinnacle remains before the district court.

current predicament must be placed on its own failings. We conclude, however, that, in the light of all the circumstances, the district court abused its discretion in not considering the evidence and arguments offered by PAR: There was a clear error in the application of the law because each act of infringement gives rise to a separate cause of action. Makewdwe Pub. Co. v. Johnson, 37 F.3d 180, 182 (5th Cir. 1994). Thus, the assignment of a single accrual date to all of PAR's copyright claims was error. Although as we have noted, this error is attributable largely to the failure of the parties to address this issue at the summary judgment stage, nevertheless, the legal error occurred, and the error significantly impacted the rights of the plaintiff. Furthermore, the complaint has not been dismissed against Pinnacle and this action will proceed in any event. Therefore, the unfair prejudice resulting from reconsideration is minimal with respect to the defendant Johnson. We therefore conclude that the district court should have considered PAR's evidence and arguments offered in support of the motion for reconsideration.

We therefore REVERSE the judgment of the district court and REMAND this action for further proceedings not inconsistent with this opinion.

REVERSED and REMANDED.