Marion ROSETTE,
Plaintiff-Appellee-Cross-Appellant,

v.

RAINBO RECORD MANUFACTURING CORPORATION et al.,
Defendants-Appellants-Cross-Appellees.

Nos. 126, 209, Dockets 75–7152, 75–7171.

United States Court of Appeals,
Second Circuit.

Submitted Nov. 24, 1975.

Decided Nov. 11, 1976.

**462**

Jerold L. Couture, Leonard Zissu, James W. Mosher, and Zissu, Marcus, Stein & Couture, New York City, for plaintiff-appellee-cross-appellant.

Walter Hofer and Milton I. Rothman, New York City, for defendants-appellants-cross-appellees.

Before MOORE and TIMBERS, Circuit Judges, and COFFRIN, District Judge.*

PER CURIAM:

These are cross-appeals from a final judgment entered February 7, 1975 in the Southern District of New York, Henry F. Werker, District Judge, which awarded plaintiff $14,300 damages and other relief in a copyright action involving children's songs. The final judgment incorporated the findings of fact and conclusions of law set forth in the prior opinion of Murray I. Gurfein, then District Judge, 354 F.Supp. 1183 (S.D.N.Y.1973), in support of an interlocutory judgment entered April 12, 1973 after a two day bench trial. The interlocutory judgment determined that defendants Rainbo Record Manufacturing Corporation (Rainbo) and Jack Brown in their manufacture and sale of records had infringed plaintiff's copyrights. A Special Master was appointed to render an accounting as to the amount of damages plaintiff had sustained.

The Special Master's Report dated May 22, 1974 was confirmed by Judge Gurfein.

The central issue is whether commercial distribution of phonograph records of musical compositions under the circumstances of this case constituted publication of their scores within the meaning of publication in the law of copyright protection.[1]

The action was commenced November 15, 1966. The jurisdiction of the district court was invoked under the Copyright Act, 17 U.S.C. § 1 et seq. (1970), as amended (Supp. IV, 1974), and its jurisdictional implementation, 28 U.S.C. § 1338(b)(1970).

Plaintiff Marion Rosette alleged that defendants had infringed her statutory and common law copyrights by manufacturing and selling records containing 33 of her compositions. She sought injunctive relief, damages and attorneys' fees.

Defendants denied any copyright infringement. They also alleged various affirmative defenses, including prior publication, statute of limitations, failure of plaintiff to file notices of use until after the alleged infringement, failure of plaintiff to show ownership of certain of the copyrights, and improper party defendants because defendant Rainbo was merely a record presser and not a manufacturer within the meaning of Section 1(e) of the Copyright Act, 17 U.S.C. § 1(e).

Mrs. Rosette, a graduate of the Peabody Conservatory, is the composer of children's songs. Some are original compositions. Others were adapted by her from classic children's rhymes such as "Mary had a Little Lamb", "Goosy Goosy Gander", "Pussy Cat, Pussy Cat" and "Where has my Little Dog Gone".

Mrs. Rosette and her husband organized Lincoln Records Co. in 1949. It was wholly owned by them. Through it she sold the 33

---

* Hon. Albert W. Coffrin, United States District Judge, District of Vermont, sitting by designation.

1. While the decision in the instant case is not controlled by the recently enacted General Revision Of Copyright Law, Pub.L.No. 94–553, 90 Stat. 2541, approved by the President on October 19, 1976, to become effective January 1, 1978, we note that the issue here presented will not arise in the future in view of the new statute's definition of "publication" to include "distribution of copies or phonorecords of a work to the public. . . ." To be codified as 17 U.S.C. § 101 (Supp. VI, 1976).

compositions here involved. Based on her testimony as the only witness called on behalf of plaintiff at the trial, Judge Gurfein found that of the 33 compositions at issue, at least 11 had been recorded, manufactured and continuously sold by plaintiff and her company before they obtained a statutory copyright for them; as to 5 compositions, it was uncertain whether a statutory copyright had been obtained before or after their commercial release as songs; and as to the balance, a statutory copyright had been obtained before their commercial release.

Following a two day bench trial, Judge Gurfein filed a comprehensive opinion on February 27, 1973. After threading his way through a difficult case, he concluded that no acts of publication had occurred prior to obtaining the statutory copyrights. In an effort to harmonize the limited rights stemming from the statutory copyright with the broader rights under the common law copyright, he limited plaintiff's recovery to damages for infringement of her statutory copyright only.

From the judgment in favor of plaintiff in amount of $14,300, plus interest from July 1, 1964, entered February 7, 1975 on the Special Master's report filed May 22, 1974, defendants have appealed. Plaintiff has cross-appealed with respect to the limitation upon her damages.

We affirm on the opinion of Judge Gurfein reported at 354 F.Supp. 1183 (S.D.N.Y. 1973).

Affirmed.