Catherine HOSTE, Plaintiff-Appellant,

v.

RADIO CORPORATION OF AMERICA Record Sales, Inc.; Allied Artists Pictures Corporation; Hill and Range Songs, Inc.; Don Robertson; Hal Blair; Vernon E. Presley, Executor of the estate of Elvis Presley, deceased; Gladys Music, Inc., Defendants-Appellees.

No. 79–1561.

United States Court of Appeals, Sixth Circuit.

Argued June 3, 1981.

Decided July 7, 1981.

Catherine Hoste, pro se.

Ernest I. Gifford, John F. Hunt, Van Ophem, Sheridan & Sprinkle, P.C., Birmingham, Mich., for plaintiff-appellant.

Herbert Rollins, Rollins & Rollins, Thomas G. Rollins, Detroit, Mich., for defendants-appellees.

Before LIVELY, MERRITT and KENNEDY, Circuit Judges.

PER CURIAM.

The plaintiff appeals from an order granting summary judgment to all defendants in this case claiming copyright infringement. Plaintiff obtained a copyright of her song "As Long As I Have You" in 1946 and a renewal in 1974 as an unpublished composition. In her *pro se* complaint filed on March 9, 1978, she stated that she heard Elvis Presley sing a song, "I'm Yours" on September 2, 1965 and that the Presley song was practically identical to hers except for some changes in the lyrics. She also alleged that "I'm Yours" continued to be performed after 1965.

■ The district court held that the Copyright Act provides a three year statute of limitations which bars recovery of any claims of plaintiff for damages which accrued prior to March 9, 1975. 17 U.S.C. § 507(b). We agree and affirm the judgment to that extent.

■ The district court further held that recovery of damages for the period subse-

quent to March 9, 1975 is barred by laches. The defendants filed no affidavits in support of their motion for summary judgment. Thus there was no evidence of prejudice to them by reason of the plaintiff's delay in filing this action. A showing of prejudice is a requirement for application of the doctrine of laches. The district court apparently determined that prejudice to the defendants could be presumed from the inordinate delay in bringing this action.

■ We conclude that summary judgment was inappropriate. The complaint raised material issues of fact as to whether the delay in bringing suit was unreasonable and whether the defendants were prejudiced by the delay. Any presumption of injury to the defendants would merely shift the burden to the plaintiff to show absence of prejudice; it would not be a proper basis for summary judgment. See *Watkins v. Northwestern Ohio Tractor Pullers*, 630 F.2d 1155 (6th Cir. 1980).

The plaintiff is now represented by counsel, and the issues should be developed without difficulty on remand.

The judgment of the district court is reversed insofar as it granted summary judgment on the laches issue. The cause is remanded for further proceedings.