**Louis GASTE, Les Editions Louis Gaste, Plaintiffs,**

v.

**Morris KAISERMAN a/k/a Morris Albert, et al., Defendants.**

**No. 86 Civ. 5671 (WCC).**

United States District Court, S.D. New York.

May 4, 1987.

Pryor, Cashman, Sherman & Flynn, New York City, for plaintiffs; Donald S. Zakarin, Charles L. Rosenzweig, of counsel.

William R. Sheffield, Madison, Conn., for defendant Kaiserman.

Cowan, Liebowitz & Latman, P.C., New York City, for defendant RCA Records; Shira Perlmutter, of counsel.

Richard I. Wolff, P.C., New York City, for defendant Fermata Intern.

### OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

Plaintiffs, Louis Gaste and Les Editions Louis Gaste (collectively, "Gaste"), filed this lawsuit on July 21, 1986 alleging that their copyright in the song "Pour Toi," published in 1956, was infringed by the song "Feelings," written in the 1970's by defendant Morris Kaiserman, a.k.a. Morris Albert ("Albert"), and published in the United States by defendant Fermata International Melodies, Inc. ("Fermata").

Defendants have moved for partial summary judgment, pursuant to Rule 56, Fed. R.Civ.P., on the issue of damages. They maintain that the three-year statute of limitations set forth in the Copyright Act bars plaintiffs from recovering damages for any infringement which occurred prior to July 21, 1983—three years before the filing of this suit. For the reasons outlined below, defendants' motion is granted.

## Discussion

The Copyright Act provides that "[n]o civil action shall be maintained ... unless it is commences within three years after the claim accrued." 17 U.S.C. § 507(b). The Court of Appeals for the Second Circuit, as well as all district courts in this circuit, have consistently held that this statute bars the recovery of any monetary damages which predate the commencement of the copyright action by more than three years. A victorious plaintiff is thus limited to recovery of only those monetary damages which accrued within the three-year period immediately preceding the filing of the lawsuit. *Mount v. Book-of-the-Month Club, Inc.,* 555 F.2d 1108, 1111 (2d Cir. 1977); *see also Dimitrakopoulus v. Flowers by Demetrios, Inc.,* [1983–1984] Corp.L. Rep. (CCH) ¶ 25,551 (S.D.N.Y.1983); *Gero v. Seven-Up Co.,* 535 F.Supp. 212, 214–15 and n. 2 (E.D.N.Y.), *aff'd without op.,* 714 F.2d 113 (2d Cir.1982); *Herald Square Music Co. v. Living Music, Inc.,* 205 U.S.P.Q. 1241, 1243 (S.D.N.Y.1978); *Rosette v. Rainbo Record Mfg. Corp.,* 354 F.Supp. 1183, 1194 (S.D.N.Y.1973), *aff'd,* 546 F.2d 461 (2d Cir.1976).

In *Mount v. Book-of-the-Month Club, Inc.,* 555 F.2d 1108, 1111 (2d Cir.1977), the Second Circuit addressed facts very similar to those involved here. The plaintiff, an author, had sued the Book-of-the-Month Club for its manufacture and sale of copies of an allegedly infringing book. All of the Book-of-the-Month Club's manufacture, promotion and sale of the book had taken place more than three years before the complaint was filed, except for a remainder sale of 116 copies. The Second Circuit held that the plaintiff was barred from recovering for anything but the remainder sale. 555 F.2d at 1111. All other cases in this Circuit have followed this ruling unanimously.

Plaintiffs in this case have asked me to disregard the relevant authority in this Circuit and to follow instead the ruling in *Taylor v. Meirick,* a decision of the Seventh Circuit Court of Appeals. 712 F.2d 1112, 1117–19 (7th Cir.1983). In *Taylor,* the defendant conceded that he had copied plaintiff's maps without authorization, but argued on appeal that the suit was barred by the statute of limitations. 712 F.2d at 1117. The Seventh Circuit held that since the infringment continued into the limitations period, the plaintiff could recover damages for the entire four years of unauthorized copying that took place before he filed suit. *Id.* at 1119.

In light of the overwhelming authority in the Second Circuit that plaintiff is entitled to recover damages which accrued no earlier than three years prior to the filing of the lawsuit, this Court will grant defendants' motion for partial summary judgment. Further, even if this were a question of first impression in this Circuit, this Court would employ the analysis and reasoning employed by the Second Circuit. To do otherwise, would render the words of the Copyright Act meaningless and eradicate the policy objectives of a statute of limitations period in copyright actions.

## Conclusion

For the reasons outlined above, defendants' motion for partial summary judgment is granted.

So ordered.