James M. HOEY

v.

DEXEL SYSTEMS CORPORATION, et al.

Civ. A. No. 89–679–A.

United States District Court, E.D. Virginia, Alexandria Division.

July 31, 1989.

---

Caleb C. Freeman, Alexandria, Va., for plaintiff.

Charles M. Radigan, Barham & Radigan, Arlington, Va., for defendant.

### MEMORANDUM OPINION

HILTON, District Judge.

This matter came before the court on defendants' motions to set aside entry of default and to dismiss the complaint. The complaint sets forth three counts, the first for copyright infringement, the second for unfair competition, and the third for civil conspiracy under Virginia law. In this action, plaintiff James Hoey alleges that he granted an exclusive marketing license to Dexel on September 30, 1981, for the distribution of his credit union management software package known as CUMIS S/23. He further alleges that Dexel subsequently ceased marketing efforts for CUMIS S/23, refused payment of accrued royalty payments and began advertising, promoting, offering for sale, selling and distributing a computer software referred to as Dexel Systems Corporation System 34/36 Credit Union Management System (CUMS 34/36), along with related instruction manuals, which are substantially similar to the copyrighted computer programs embodied in the CUMIS S/23 computer software and the instruction manual, thereby infringing upon Hoey's copyright.

On the motion to set aside the entry of default, it appears to the court that while plaintiff first served a lawyer representing defendants on May 9, 1989, that lawyer was not defendants' counsel in this matter. Defendant informed his counsel in this matter that he personally had been served on May 12, 1989 and that is the date from which present counsel thought their twenty days ran. Defendants' answer was filed on May 31, 1989. While within the twenty days from May 12, it puts him one day late from service on May 9. Under such circumstances it is appropriate to set aside the default.

The defendants moved to dismiss Count I alleging copyright infringement on the grounds that the statute of limitations expired before the suit was filed on May 5, 1989. Under 17 U.S.C. § 507(b) (1982), the statute of limitations for an act of copyright infringement is three years. Defendants argue that because plaintiff had knowledge of at least one of the alleged acts of infringement more than three years prior to the filing of the action, plaintiff should be barred from bringing suit for any of the acts of infringement.

Plaintiff, on the other hand, requests the application of the "rolling statute of limitations" theory. Under such a theory, so long as any allegedly infringing conduct occurs within the three years preceding the filing of the action, the plaintiff may reach back and sue for damages or other relief for all allegedly infringing acts. *See, Taylor v. Meirick*, 712 F.2d 1112 (7th Cir.1983).

It appears, however, that § 507(b) is clear on its face. It does not provide for a waiver of infringing acts within the limitation period if earlier infringements were discovered and not sued upon, nor does it provide for any reach back if an act of infringement occurs within the statutory period. In a case of continuing copyright infringements an action may be brought for all acts which accrued within the three years preceding the filing of the suit. *Baxter v. Curtis Industries, Inc.*, 201 F.Supp.

100 (N.D.Ohio 1962). Plaintiff, then, is entitled to proceed with this cause of action for any acts that accrued within the three year period preceding the filing of this action on May 5, 1989. Acts accruing prior to that shall be dismissed.

■ Count II alleges unfair competition. Plaintiff sets out an action for unfair competition which would not be subsumed into the copyright infringement count on a motion to dismiss. Nor is it barred by the applicable statute of limitation. In unfair competition claims, when a time limit is not explicitly stated within the federal law, the applicable statute of limitations is the appropriate state law statute. In this case that is Va.Code Ann. § 8.01–243(B) (1988), which establishes a five year statute of limitation running from accrual. Under Va.Code Ann. § 8.01–230 (1988), accrual occurs when the breach of contract or duty occurs. Therefore, like copyright infringement claims, unfair competition claims can be comprised of a multitude of separate and distinct claims, where "each occurrence inflicts a new injury and gives rise to a separate cause of action. [citations omitted.]" *Hampton Roads Sanitation Dist. v. McDonnell*, 234 Va. 235, 360 S.E.2d 841 (1987). Consequently, plaintiff's claim is not barred as to any injury accruing during the five year period preceding the filing of this suit in this court. The motion to dismiss Count II should be denied at this time.

■ Count III is a state law claim alleging civil conspiracy under Va.Code Ann. §§ 18.2–499 and 18.2–500 (1988). Because copyright and the infringement thereof is an area controlled exclusively by the federal government, any state causes of action must be preempted in this area. Count III must be dismissed.

Finally, with regard to the statutory damages requested in the complaint, the plaintiff has set out an action for damages and the motion to dismiss should be denied at this time.

### ORDER

This matter came before the court on defendants' motions to set aside entry of default and to dismiss the complaint. In accordance with the accompanying memorandum opinion, it is hereby

ORDERED that:

1) the motion to set aside entry of default is GRANTED; and

2) the motion to dismiss is DENIED as to Counts I, II and the request for statutory damages, and GRANTED as to Count III.