19 F.3d 479
 1994 Copr.L.Dec. P 27,233, 30 U.S.P.Q.2d 1654
 Sutton ROLEY, Plaintiff-Appellant,
v.
NEW WORLD PICTURES, LTD., aka: New World Entertainment,
Ltd.; Odyssey Film Partners, Ltd., aka: Odyssey
Entertainment, Ltd.; Walter Coblenz;
William Condon; Ginny
Cerrella,
Defendants-
Appellees.
 No. 92-56116.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 31, 1994.
Decided March 23, 1994.
 
 Paul Caruso, Beverly Hills, CA, for plaintiff-appellant.
 Ronald M. Monitz, Cooper, Epstein & Hurewitz, Beverly Hills, CA, for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before: TANG, PREGERSON, and NOONAN, Circuit Judges.
 TANG, Circuit Judge:
 
 
 1
 This appeal arises from Sutton Roley's ("Roley") action against Walter Coblenz ("Coblenz") and New World Entertainment Limited ("New World") for copyright infringement. Roley appeals the grant of two summary judgments against him and in favor of Coblenz and New World. Roley challenges the district court's conclusion that his infringement claims are barred by the copyright statute of limitations at 17 U.S.C. Sec. 507(b).
 
 BACKGROUND
 
 2
 Some time before 1972, Roley wrote a screenplay originally entitled "A Little Visit Home." He renamed the screenplay "Sleep Tight Little Sister."
 
 
 3
 In 1985, Roley gave Coblenz, a friend and successful film producer, the original copy of his work, hoping that Coblenz would produce the screenplay. Coblenz declined the proposed project.
 
 
 4
 Two years later, in August 1987, Coblenz invited Roley to the screening of his new movie "Sister, Sister." New World was a financier of the film. After viewing the screening, Roley claimed that the movie was a production of his screenplay "Sleep Tight Little Sister." Coblenz admitted that the film and screenplay were similar, but advised Roley that the film was based upon a screenplay entitled "Louisiana Swamp Murders" written by Ginny Cerrella in the 1970's.
 
 
 5
 Roley retained counsel to assist him in pursuing his claim that "Sister, Sister" violated his copyright on "Sleep Tight Little Sister." In late 1987 and early 1988, New World's insurance carrier, Firemen's Fund, rejected Roley's claim, advising him that it found no similarity between the two works and, in any event, the screenplay for the film was written independently of Coblenz.
 
 
 6
 Thereafter, the film opened unsuccessfully and was withdrawn from distribution. It was subsequently shown on television in 1988 and in 1992. Today, it is available for rental or purchase at home video stores.
 
 
 7
 Roley filed his complaint against Coblenz and New World in February 1991. In June 1992, both Coblenz and New World filed motions for summary judgment, arguing, in part, that Roley's copyright infringement claims were barred by the three year statute of limitations mandated by 17 U.S.C. Sec. 507(b). The district court granted appellees' motions, finding that Sec. 507(b) barred Roley's infringement claims.DISCUSSION
 
 
 8
 Roley's only contention on this appeal is that the district court erred in concluding his infringement claims are barred by the three year statute of limitations mandated by Sec. 507(b).[1] For him to succeed, Roley must demonstrate that either a genuine issue of material fact exists, or that the district court incorrectly applied the relevant law. See F.D.I.C. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992), cert. denied, --- U.S. ----, 114 S.Ct. 543, 126 L.Ed.2d 445 (1993).
 
 Section 507(b) states:
 
 9
 No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued.
 
 
 10
 A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge. Wood v. Santa Barbara Chambers of Commerce, Inc., 507 F.Supp. 1128, 1135 (D.Nev.1980).
 
 
 11
 Roley alleged infringement after first viewing the screening of "Sister, Sister" in August 1987. There is no dispute that Roley's infringement claims accrued at that time. Even so, Roley applies the "rolling statute of limitations" theory. He argues that so long as any allegedly infringing conduct occurs within the three years preceding the filing of the action, the plaintiff may reach back and sue for damages or other relief for all allegedly infringing acts. See Taylor v. Meirick, 712 F.2d 1112, 1118-19 (7th Cir.1983). The district court rejected the application of this theory. We do so as well.
 
 
 12
 Section 507(b) is clear on its face. "It does not provide for a waiver of infringing acts within the limitation period if earlier infringements were discovered and not sued upon, nor does it provide for any reach back if an act of infringement occurs within the statutory period." Hoey v. Dexel Systems Corp., 716 F.Supp. 222, 223 (E.D.Va.1989). This interpretation is consistent with the prevailing view that the statute bars recovery on any claim for damages that accrued more than three years before commencement of suit. See Stone v. Williams, 970 F.2d 1043, 1049-50 (2nd Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 2331, 124 L.Ed.2d 243 (1993); Hoste v. Radio Corp. of America, 654 F.2d 11 (6th Cir.1981); Mount v. Book-of-the-Month Club, Inc., 555 F.2d 1108, 1110-11 (2nd Cir.1977); Kregos v. Associated Press, 795 F.Supp. 1325, 1330 (S.D.N.Y.1992); Hoey 716 F.Supp. at 223-24; Gaste v. Kaiserman, 669 F.Supp. 583, 584 (S.D.N.Y.1987); see also Mai Basic Four, Inc. v. Basis, Inc., 962 F.2d 978, 987 n. 9 (10th Cir.1992); 3 M. Nimmer & D. Nimmer, Nimmer on Copyright Sec. 12.05 at 12-107 to 12-109 (1992). Lest there be any confusion regarding the law in this Circuit on this particular point, we adopt this view.
 
 
 13
 Roley filed his suit on February 7, 1991. Here, then, Sec. 507(b) bars recovery of any damages for claims that accrued prior to February 7, 1988. Roley's claims that appellees' production of "Sister, Sister" infringed his screenplay accrued before February 7, 1988. Nevertheless, Roley asserts that New World and Coblenz have continued to infringe his copyright, thus Sec. 507(b) does not bar recovery. Specifically, Roley alleges that appellees have manifested the distribution of the allegedly infringing film for public display in theaters and on television, and that they have manifested the copying of the film on videocassettes for rental and purchase in home video stores, all within the three years prior to the filing of this action.
 
 
 14
 In a case of continuing copyright infringements, an action may be brought for all acts that accrued within the three years preceding the filing of the suit. Baxter v. Curtis Indus., Inc., 201 F.Supp. 100, 101 (N.D.Ohio 1962); see also Kalem Co. v. Harper Bros., 222 U.S. 55, 61-62, 32 S.Ct. 20, 21, 56 L.Ed. 92 (1911); Hampton v. Paramount Pictures Corp., 279 F.2d 100, 105 (9th Cir.1960); Universal Pictures Co. v. Harold Lloyd Corp., 162 F.2d 354, 365 (9th Cir.1947); Cain v. Universal Pictures Co., 47 F.Supp. 1013, 1017-18 (S.D.Cal.1942). Here, however, Roley fails to produce any evidence that appellees engaged in actionable conduct after February 7, 1988. Indeed, his assertions rely on naked allegations and speculation. Consequently, Roley fails to demonstrate that either a genuine issue of material fact exists, or that the district court incorrectly applied the relevant law. The district court's summary judgments are AFFIRMED.
 
 
 
 [1]
 Despite Roley's contention, appellees argue that the district court's order granting their motions for summary judgment had several bases, thus they urge that the statute of limitations is not the only issue on this appeal. Our decision on the statute of limitations issue obviates the need to take up other issues