Mary J. KLING, an individual, Plaintiff-counter-defendant–Appellant,

v.

HALLMARK CARDS, INC., a Missouri corporation; Mattel, Inc., a Delaware corporation, Defendants–Appellees,

Dic Animation City, Inc., f/k/a Live Film and Mediaworks, Inc., Defendant-cross-defendant–Appellee,

United Feature Syndicate, Inc., Defendant-counter-claimant-cross-claimant–Appellee.

Mary J. Kling, an individual, Plaintiff-counter-defendant–Appellee,

v.

Hallmark Cards, Inc., a Missouri corporation; Mattel, Inc., a Delaware corporation; Artisan Pictures, Inc., formerly doing business as Live Film and Mediaworks, Inc., Defendants–Appellants,

Dic Animation City, Inc., successor in int to Dic Enterprises, Inc., Defendant-cross-defendant–Appellant,

United Feature Syndicate, Inc., Defendant-counter-claimant-cross-claimant–Appellant.

Nos. 01–55902, 01–56064.

D.C. Nos. CV–97–06293–ER–03, CV–97–06293–ER.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2003.

Decided May 13, 2003.

Before SCHROEDER, Chief Judge, THOMPSON, and GRABER, Circuit Judges.

MEMORANDUM *

Substantial evidence supports the jury's finding by special verdict that Mary J. Kling's copyright claim against the defendants is barred by the Copyright Act's three-year statute of limitations. *See* 17 U.S.C. § 507(b). Although damages caused by copyright infringements during the three years immediately preceding the filing of the action would be recoverable, *Roley v. New World Pictures, Ltd.,* 19 F.3d 479, 481 (9th Cir.1994), Kling presented no evidence to support an award of such damages. The district court, therefore, did not err by not instructing the jury that they could award damages to Kling for infringements during that period.

Because we conclude that Kling's copyright claim is barred by the statute of limitations, we do not reach the remaining issues raised by her appeal.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

With regard to the appellees' cross-appeal, we conclude that the district court properly considered the non-exclusive *Fogerty* factors of frivolousness, motivation, objective unreasonableness, and compensation and deterrence, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994), as well as the plaintiff's degree of success, *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir.1994), and did not abuse its discretion in denying the appellees' request for attorney fees under 17 U.S.C. § 505. *See Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir.1996).

AFFIRMED.