Danielle Rousseau HUNTER, Plaintiff,

v.

SQUIRREL HILL ASSOCIATES, L.P., et al., Defendants.

No. Civ.A.05–861.

United States District Court, E.D. Pennsylvania.

Aug. 17, 2005.

518

Cara M. Kearney, Joseph J. Serritella, Pepper Hamilton LLP, Philadelphia, PA, for Plaintiff.

Richard D. Malmed, Philadelphia, PA, for Defendants.

### MEMORANDUM AND ORDER

NEWCOMER, Senior District Judge.

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Motion is granted. An appropriate order follows.

## I. BACKGROUND

In 1995 and 1996, Plaintiff designed a mural entitled "Squirrel Hills Falls Park" and painted it on the exterior of a building overlooking a park. The mural has enjoyed media attention and several public commendations, including a landscape design award from the American Society of Landscape Architects in 1997 and first prize in the Pennsylvania Horticultural Society's City Garden Contest. In addition, the City Council of Philadelphia recently honored Plaintiff for her work on the mural.

In the Fall of 2001, Defendants began to perform work on the roof of the building that embodied the mural. During the course of this work, Defendants did not remove drain covers on the roof of the building and did not properly seal the seams. As a result, water overflowed from the roof and seeped onto the stucco surface of the mural's wall, causing pieces of it to break off. Plaintiff observed damage to the mural in January of 2002, and asked that Defendants prevent further destruction of the mural. Despite Plaintiff's requests, Defendants did not take action to prevent the mural's further destruction.

## II. LEGAL STANDARD

When considering a motion to dismiss, the Court must accept as true all factual allegations in the complaint and construe all reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff. *See Abdulhay v. Bethlehem Med. Arts, L.P.,* No. 03–CV–04347, 2004 WL 620127, at *4, 2004 U.S. Dist. LEXIS 5495, at *14 (E.D.Pa. Mar. 29, 2004).

While the Court must take well-pleaded facts as true, it need not credit a complainant's "bald assertions" or "legal conclusions." *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir.1997). A Rule 12(b)(6) motion should only be granted if "it appears to a certainty that no relief could be granted under any set of facts which could be proved." *Abdulhay*, 2004 WL 620127, at *4, 2004 U.S. Dist. LEXIS 5495, at *14.

## III. DISCUSSION

### A. *Visual Artists Rights Act—17 U.S.C. 106A*

The Visual Artists Rights Act ("VARA") was enacted in 1990 as an amendment to the Copyright Act, to provide for the protection of the "moral rights" of certain artists. *See Pollara v. Seymour*, 344 F.3d 265, 269 (2d Cir.2003). The "moral rights" afforded by VARA include, with several exceptions, the right of attribution, the right of integrity, and the right to prevent destruction, in the case of works of "recognized stature." *See* 17 U.S.C. § 106A; *see also Carter v. Helmsley–Spear, Inc.*, 861 F.Supp. 303, 324–25 (S.D.N.Y.1994).

■ Not every artist has rights under VARA, and not every piece of artwork is protected by such rights. *See Pollara*, 344 F.3d at 269. Congress explicitly limited VARA's protection to works "intended for exhibition use only," as opposed to works intended for use in a publication or a photographer's album. *See id.; NASCAR v. Scharle*, 356 F.Supp.2d 515, 529 (E.D.Pa. 2005). VARA does not protect advertising, promotional, or utilitarian works, and does not protect works for hire, regardless of their artistic merit, their medium, or their value to the artist or the market. *See* 17 U.S.C. § 101. VARA protects only "visual art" as defined by the Copyright Act. *See NASCAR*, 356 F.Supp.2d at 529 (citing 17 U.S.C. § 101). Visual art includes: (1) a painting, drawing, print, or sculpture, existing in a single copy, in a limited edition of 200 copies or fewer; as well as (2) a still photographic image produced for exhibition purposes only, existing in a single copy that is signed by the author or in a limited edition of 200 copies or fewer. *See id.* VARA's legislative history suggests that Congress viewed murals as a subset of paintings. *See Pollara*, 344 F.3d at 270 ("The term 'painting' includes murals, works created on canvas, and the like.").

There are two different standards given in 17 U.S.C. § 106A(3). Under subparagraph (A) of VARA, an artist is given the right to prevent "any intentional distortion, mutilation, or modification" of her art work which would be prejudicial to her reputation, while under (B), an artist of a work of recognized stature is given the right to prevent "any intentional or grossly negligent destruction" of that work.[1] 17 U.S.C. § 106A(3).

■ An artist has a right to protect his artwork from destruction when the work is of "recognized stature." *Martin v. City of Indianapolis*, 192 F.3d 608 (7th Cir. 1999). Any intentional or grossly negligent conduct is a violation of that right. *See Scott v. Dixon*, 309 F.Supp.2d. 395, 400 (E.D.N.Y.2004)(citing 17 U.S.C. § 106A (a)(3)(B)). Pennsylvania courts have defined gross negligence as "a form of negligence where the facts support substantially more than ordinary carelessness, inadvertence, laxity, or indifference." *Legion Indem. Co. v. Carestate Ambulance, Inc.*, 152 F.Supp.2d 707 (E.D.Pa.2001)(citing *Albright v. Abington Memorial Hospital*, 548 Pa. 268, 696 A.2d 1159 (1997)). The behavior of a defendant must be fla-

---

**1.** The allegations in Plaintiff's Complaint fall under both standards of 17 U.S.C. 106A(3).

grant, grossly deviating from the ordinary standard of care.[2] *See id.*

■ Very few courts have addressed the standard for determining whether a work is of "recognized stature." However, this finding generally depends upon the testimony of experts. *See Martin,* 192 F.3d at 612 (citing *Carter v. Helmsley–Spear, Inc.,* 861 F.Supp. 303 (S.D.N.Y. 1994)). In *Carter,* the New York District Court formulated a stature test such that a work of stature required: (1) that the visual art is viewed as meritorious; and (2) that the stature is recognized by art experts, other members of the artistic community, or some cross-section of society. 861 F.Supp. at 325.

■ For works of "recognized stature," the issue of whether a given set of facts satisfies the definition of gross negligence is a question of fact to be determined by a jury. *See Royal Indem. Co. v. Sec. Guards, Inc.,* 255 F.Supp.2d. 497 (E.D.Pa.2003)(citing *Albright,* 548 Pa. 268, 696 A.2d 1159); *Stark v. National Guardian Sec. Servs.,* No. 89–8880, 1990 U.S. Dist. LEXIS 10098, at *8 (E.D.Pa. Aug. 3, 1990)(generally whether "defendant's actions demonstrate the lack of care required of gross negligence is a question of fact for the jury"). The court may decide the issue as a matter of law only when "the conduct in question falls short of gross negligence, the case is entirely free from doubt, and no reasonable jury could find gross negligence." *Albright,* 548 Pa. 268, 696 A.2d 1159.

Plaintiff properly alleged gross negligence in her Complaint. Plaintiff alleged that when Defendants performed work on the building's roof, Defendants failed to "remove drain covers" on the roof and performed "substandard sealing of the seams." (Compl.¶ 15). As a result, water leaked and allegedly caused damage to the surface of the mural. (Compl.¶ 15). The Defendant property owner did not take affirmative steps to repair the mural and it became "progressively destroyed by fugitive water." (Compl.¶ 16). As alleged, a jury could find that Defendants' refusal to "procure appropriate roof, rain gutter, and wall installations," and failure to make "timely necessary repairs" to the building's roof drainage system amounted to gross negligence in violation of VARA.

### B. *Statute of Limitations*

Although the Plaintiff's Complaint is otherwise legally sufficient, it was filed outside of the Statute of Limitations. The Statute of Limitations for copyright infringement is three (3) years from the date the claim accrued. *See* 17 U.S.C. 507(b); *Hackney v. Lehrer McGovern Bovis,* No. 97–1015, 1997 WL 214846, at *3, 1997 U.S. Dist. LEXIS 5738, at *7 (E.D.Pa. April 25, 1997). The Circuits are divided over how to interpret this statute. *See MAI Basic Four, Inc. v. Basis, Inc.,* 962 F.2d 978, 987 n. 9 (10th Cir.1992)(recognizing a circuit split on how to apply the statute of limitations in the context of copyright infringement).

In an effort to avoid the statute of limitations issue, Plaintiff alleges a "continuous wrong", an approach adopted by the Seventh Circuit. *See Taylor v. Meirick,* 712 F.2d 1112, 1118–19 (7th Cir.1983). In *Taylor,* the Court found that only the last

---

**2.** While Pennsylvania courts acknowledge differing standards of care, they do not recognize degrees of negligence as separate causes of action. *See Fialkowski v. Greenwich Home for Children,* 921 F.2d 459 (3d Cir.1990); *Ferrick Excavating and Grading Co. v. Senger* *Trucking Co.,* 506 Pa. 181, 484 A.2d 744 (1984). Thus, the term "gross negligence refers only to a heightened standard of care, not to a cause of action distinct from ordinary negligence." *See Jordan v. City of Philadelphia,* 66 F.Supp.2d 638, 644 (E.D.Pa.1999).

infringing act had to occur within the three year statutory period because defendant's initial copying of plaintiff's maps, plus subsequent sales of the infringing copies, constituted a continuous wrong. *See id.* at 1117. Here, the Plaintiff does not even allege an act of continuous wrong and relies instead on the conclusory assertion that "the ongoing destruction of the Mural in this case also constitutes a continuous wrong." (Pl.'s Mem. in Opp. at 9). Plaintiff cannot prevail on the *Taylor* theory because the Complaint does not allege continuous wrongdoing.

■■■ This Court is persuaded by the reasoning in the Ninth, Sixth, Fifth, and Second Circuits, which all rejected the Seventh Circuit's reasoning, and which found that the statute bars recovery on any claims for damages which have accrued more than three years before the commencement of the suit. *See Stone v. Williams,* 970 F.2d 1043, 1050 (2d Cir.1992)("application of the continuous wrong doctrine generally has been rejected in the infringement context."); *Makedwde Publ. Co. v. Johnson,* 37 F.3d 180, 182 (5th Cir.1994) (adopting *Stone* ); *Hoste v. Radio Corp. of America,* 654 F.2d 11 (6th Cir.1981); *Roley v. New World Pictures,* 19 F.3d 479, 481 (9th Cir.1994). In her Complaint, Plaintiff stated that she first observed damage to the mural in January of 2002. (Compl. at ¶ 17). Plaintiff's right accrued on that date, and thus lapsed on January of 2005. *See Hackney,* No. 97–1015, 1997 WL 214846, at *3, 1997 U.S. Dist. LEXIS 5738, at *7 (citing *Roley v. New World Pictures, Ltd.,* 19 F.3d 479, 481 (9th Cir.1994))("A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge.").

■■■ The Doctrine of Equitable Tolling would be inappropriate to apply here given the facts as alleged. *See Podobnik v.*

*United States Postal Service,* 409 F.3d 584, 591 (3d Cir.2005)(noting that the doctrine of equitable tolling should be applied "sparingly" to stop a statute of limitations period from running). The Third Circuit has stated that there are three principle situations in which equitable tolling might be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights in the wrong forum. *See id.* Plaintiff has not alleged facts to support any of these circumstances, and thus there is no basis to equitably toll the limitations period in Plaintiff's claim. *See id.* ("Appellant bears the burden of proving that the equitable tolling doctrine applies here.").

## IV. CONCLUSION

For the reasons state above, Plaintiff's Complaint must be dismissed. An appropriate order follows.

### *ORDER*

AND NOW, this 17th day of August, 2005, upon consideration of Defendants' Motion to Dismiss (Doc. 5), and Plaintiff's Response, it is hereby ORDERED that said Motion is GRANTED. Plaintiff's Complaint is DISMISSED. The Clerk of the Court shall mark this case as CLOSED for statistical purposes. It is further ORDERED that the Parties' Unopposed Motion for Extension of Time to Effect Service of Process (Doc. 9) is DENIED.

AND IT IS SO ORDERED.