Jason MEGGS; et al., Plaintiffs–
Appellants,

v.

CITY OF BERKELEY; et al.,
Defendants–Appellees.

No. 05–15436.

United States Court of Appeals,
Ninth Circuit.

Submitted April 17, 2007.*

Filed April 25, 2007.

Lawrence A. Hildes, Esq., Bellingham,
WA, for Plaintiffs–Appellants.

Matthew J. Orebic, Office of the City
Attorney, Berkeley, CA, for Defendants–
Appellees.

Before: D.W. NELSON, CALLAHAN,
and BEA, Circuit Judges.

## MEMORANDUM **

■ Viewing the facts in the light most
favorable to Salsbury, no reasonable jury
could conclude that his arrest was unsup-
ported by probable cause. Presented with
the totality of circumstances known to the
arresting officers, a prudent person would
conclude that there was a "fair probabili-
ty," *United States v. Lopez,* 482 F.3d 1067,
1072 (9th Cir.2007), Salsbury had commit-
ted the crime invoked at the time of his
arrest—incitement to riot under California
Penal Code § 404.6. Further, the evidence

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

indisputably demonstrates probable cause to believe Salsbury committed several other crimes. Therefore the arrest was lawful. *See Devenpeck v. Alford,* 543 U.S. 146, 152–53, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004).

■ The use of force to repel Meggs and Salsbury from the skirmish line is properly analyzed under the Fourteenth Amendment guarantee of substantive due process and not under the Fourth Amendment because it did not occur "in the course of an arrest, investigatory stop, or other seizure." *Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (internal quotation marks omitted). Given the circumstances, no reasonable juror could find that the level of force used met the "shocks-the-conscience test," *County of Sacramento v. Lewis,* 523 U.S. 833, 854, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998), applicable here.

Salsbury argues that the quantum of force used to place him under arrest was unreasonable under the Fourth Amendment because the underlying seizure was unlawful. Because the arrest was supported by probable cause, this argument fails. Further, there is no evidence that force was intentionally applied to Salsbury's person during the transport van's detour into lower Sproul plaza. Salsbury's unsupported assertion to the contrary does not create a genuine issue of material fact. *See Roley v. New World Pictures, Ltd.,* 19 F.3d 479, 482 (9th Cir.1994) (explaining that "naked allegations and speculation" are insufficient to preclude summary judgment).

Appellants' remaining claims are plainly without merit and were properly dismissed by the district court.

**AFFIRMED.**