**NOT FOR PUBLICATION**

MAR 06 2017

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD WAKEFIELD, | No. 15-55649 |
| Plaintiff-Appellant, | D.C. No. 8:12-cv-02077-AG-RNB |
| v. | |
| IGOR OLENICOFF; OLEN PROPERTIES CORP., | MEMORANDUM* |
| Defendants-Appellees. | |

| | |
|---|---|
| DONALD WAKEFIELD, | Nos. 15-55675 15-56137 |
| Plaintiff-Appellee, | D.C. No. 8:12-cv-02077-AG-RNB |
| v. | |
| IGOR OLENICOFF; OLEN PROPERTIES CORP., | |
| Defendants-Appellants. | |

Appeals from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted February 9, 2017

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

A jury found that Defendants Igor Olenicoff and Olen Properties Corp. infringed on Plaintiff Donald Wakefield's copyright in his sculpture Untitled by commissioning the creation of six substantially similar sculptures. The jury awarded Plaintiff $450,000 in actual damages. See 17 U.S.C. § 504(b). The district court vacated that award, but granted Plaintiff injunctive relief, ordering that Defendants either destroy the six infringing sculptures or turn them over to Plaintiff. After Defendants opted for the former, the district court ordered the destruction of the sculptures.

1. The jury's award of $450,000 in actual damages was "sufficiently supported by evidence" and was "non-speculative." Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 708 (9th Cir. 2004). From the evidence presented at trial, the jury could have determined that the actual use made by Defendants of Plaintiff's work was worth $75,000 per infringing copy. Accordingly, we reverse the district court's entry of judgment as a matter of law and instruct the court to reinstate the jury's verdict.

2. The district court correctly granted partial summary judgment to Defendants on the issue of indirect profits. Plaintiff failed "to create a triable issue

2

regarding whether [Defendants'] infringement at least partially caused the profits that [Defendants] generated as the result of the infringement." Mackie v. Rieser, 296 F.3d 909, 911 (9th Cir. 2002). We therefore affirm this ruling.

3. The district court erred in granting partial summary judgment to Defendants on statute-of-limitations grounds as to the first infringing sculpture that Plaintiff found. A reasonable jury could find that Plaintiff had neither actual nor constructive knowledge, see Roley v. New World Pictures, Ltd., 19 F.3d 479, 481 (9th Cir. 1994), that the first sculpture was a copy of Untitled, rather than Untitled itself. We reverse and remand this issue for further proceedings.

4. The district court did not abuse its discretion in ordering the destruction of the six infringing sculptures, nor was its decision to award injunctive relief premised on an error of law or a clearly erroneous factual finding. See Columbia Pictures Indus., Inc. v. Fung, 710 F.3d 1020, 1030 (9th Cir. 2013) (stating standard of review for injunctive relief). Thus, we affirm the injunction.

5. The district court did not err in denying Defendants' motion for judgment as a matter of law on statute-of-limitations grounds as to the six sculptures that Plaintiff first discovered in 2010. The jury found that Plaintiff had neither actual nor constructive knowledge of the facts giving rise to his claims for copyright

3

infringement as to those six sculptures, and that finding was supported by substantial evidence. We affirm this ruling.

AFFIRMED in part; REVERSED and REMANDED in part. Costs on appeal awarded to plaintiff.